COMMONWEALTH of Pennsylvania, Appellee

v.

**Yusef MITCHELL, Appellant.**

Superior Court of Pennsylvania.

Submitted June 24, 2008.

Filed Aug. 15, 2008.

---

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., for Com., appellee.

BEFORE: LALLY–GREEN, KLEIN, and GANTMAN, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Yusef Mitchell, appeals from the judgment of sentence, entered in the Philadelphia County Court of Common Pleas, following revocation of his "special" probation. Appellant asks us to determine whether the Pennsylvania Board of Probation and Parole ("Board") had exclusive jurisdiction over his special probation for purposes of revocation and re-sentencing following revocation. Consistent with established Pennsylvania law, we hold the trial court retained the power, authority, or jurisdiction to determine whether Appellant violated his special probation, to revoke it, and to re-sentence Appellant following revocation of the special probation, notwithstanding the Board's duties of supervision. Accordingly, we affirm.

¶ 2 The relevant facts and procedural history of this appeal are as follows. Appellant entered a guilty plea to various drug, firearms, and conspiracy offenses.

On November 20, 2000, the court sentenced Appellant to three (3) to six (6) years' state incarceration on the possession of a controlled substance with intent to deliver ("PWID") offense, followed by four (4) years of probation on the firearms offense, followed by ten (10) years of probation on the conspiracy offense. According to the record, the Board was designated to supervise Appellant's conspiracy probation.

■ ¶ 3 The trial court continued:

On April 8, 2006, Appellant was arrested for [PWID]. The police report indicated that he was arrested with twenty-two zip-lock packets of crack cocaine and nine packets of heroine. He was later convicted on these charges and, on March 8, 2007, was sentenced by [another jurist] to 1½ to 3 years' incarceration. On March 14, 2007, the [Board] lodged a detainer against Appellant and took him into custody. On June 8, 2007, the [Board] revoked Appellant's parole and ordered that he serve twelve months backtime.

Appellant was brought before this [c]ourt for a VOP [Violation of Probation] hearing on June 28, 2007. Although defense counsel argued that this [c]ourt had no jurisdiction to hold the hearing, revoke Appellant's probation or sentence him on the VOP, we disagreed.

We heard argument from defense counsel and the Commonwealth and found that we retained jurisdiction on the probation violation from this [c]ourt's sentence of November 20, 2000. A VOP hearing took place at which we found Appellant's arrest and conviction on drug charges was a violation of his probation. We sentenced Appellant on June 28, 2007,[1] and this [a]ppeal followed.

(Trial Court Opinion, filed October 9, 2007, at 1–3) (internal citations and footnote omitted).[2] The court did not order Appellant to file a concise statement of matters complained of on appeal, and Appellant filed none.

¶ 4 Appellant raises the following issues for our review:

DOES NOT THE PENNSYLVANIA BOARD OF PROBATION AND PAROLE HAVE THE EXCLUSIVE POWER TO REVOKE A SPECIAL STATE PROBATIONARY SENTENCE PURSUANT TO 61 [P.S.] § 331.17?

WAS NOT THE TRIAL COURT ... WITHOUT LEGAL AUTHORITY TO REVOKE A SPECIAL STATE PROBATIONARY SENTENCE?

(Appellant's Brief at 3).

¶ 5 Appellant argues his sentence of special probation fell under the supervision of

---

1. The court sentenced Appellant to two (2) to four (4) years' incarceration on the firearms conviction and a consecutive term of five (5) to ten (10) years' incarceration on the conspiracy conviction.

2. Under Pennsylvania law, an order of probation can be changed or revoked "if, at any time before the defendant has completed the maximum period of probation, or before he has begun service of his probation" the defendant commits offenses or otherwise demonstrates he is unworthy of probation. *Commonwealth v. Miller*, 358 Pa.Super. 219, 516 A.2d 1263, 1265 (1986), *appeal denied*, 515 Pa. 599, 528 A.2d 956 (1987). *See also Commonwealth v. Hoover*, 909 A.2d 321 (Pa.Super.2006) (affirming judgment of sentence following revocation of defendant's probation, which he violated before his probation service had even begun; although defendant had not committed new criminal offenses, defendant demonstrated he was unworthy of probation and probation would not serve ends of justice or public interest).

Here, Appellant had not yet begun to serve his probationary sentence when he committed new criminal offenses. Nevertheless, these new offenses rendered Appellant subject to revocation of probation and re-sentencing.

the Board; therefore, 61 P.S. § 331.17 controls. Appellant avers proper interpretation of Section 331.17 grants exclusive authority to the Board in all matters regarding state sentences greater than two years. Appellant was given a state sentence of incarceration. Therefore, Appellant assumes only the Board can revoke his probation.

¶ 6 Specifically, Appellant reasons Section 331.17 gives the Board exclusive power to supervise any person on probation and vests exclusive authority with the Board to parole and re-parole. Because the statute also states that special probation cases are to be treated in same manner as parole cases, Appellant attributes the exclusive authority to revoke probation under Board supervision to the Board and not to the trial court. According to Appellant, to treat the Board's power over probation in a different way than its power over parole would contravene the plain meaning of the statute. Therefore, Appellant interprets Section 331.17 to mean that once the trial court imposed a special state probationary sentence, the court relinquished the power to deal with any subsequent probation violations and transferred that power to the Board; hence, the trial court lacked legal authority to conduct Appellant's VOP hearing or revoke his special probation.

¶ 7 Appellant further asserts *Commonwealth v. Kelly*, 931 A.2d 694 (Pa.Super.2007), *appeal denied*, 596 Pa. 727, 945 A.2d 168 (2008) misinterpreted Section 331.17. Likewise, Appellant distinguishes *Kelly* as decided upon a sufficiently unique factual basis. Appellant claims *Kelly* involved a different question, concerning the authority of the county probation department to detain the defendant for violating his three "special" probationary sentences, which were also subject to Board supervision. Because the present case concerns

whether the trial court has the power to revoke a state supervised special probation, Appellant submits his issue is decidedly dissimilar, subject to plenary review, and *Kelly* is not binding authority. Overall, Appellant concludes the judgment of sentence imposed in this matter is illegal and must be vacated.

¶ 8 In response, the Commonwealth insists the trial court did not divest itself of authority to revoke Appellant's special probation just because the court requested Board supervision. To the contrary, the court derives its authority to revoke Appellant's probation upon proof of violation from 42 Pa.C.S.A. § 9771(b). Further, Section 331.17 by its own terms does not remove power from the trial court to ascertain a violation or revoke probation, even when the Board is given supervisory responsibility over the probation. The Commonwealth asserts that nowhere in the statute does Section 331.17 give the Board the power to revoke probation; the revocation power of the Board under Section 331.17 is limited to matters of parole. As to probation, Section 331.17 restricts the Board's power to supervision.

¶ 9 The Commonwealth also directs our attention to *Kelly, supra*. Opposing Appellant's position, however, the Commonwealth claims *Kelly* affirmed the concept that the trial court retains the power to address violations of and to revoke "special" probation under circumstances like those in the present case. Therefore, the Commonwealth submits *Kelly* is both relevant and dispositive. Further, the Commonwealth stresses the issue in the present case is jurisdictional, which necessitates the use of the same *de novo* standard and plenary scope of review as *Kelly*. According to the Commonwealth, Appellant cannot distinguish *Kelly* on any relevant grounds and cannot point to anything but his own inter-

pretation of Section 331.17 to support his stance. The Commonwealth concludes the trial court at all times retained the power, authority, and jurisdiction to assess whether Appellant violated his "special" probation, to revoke it, and to resentence Appellant following revocation, regardless of the Board's supervisory duties. We agree.

▇▇▇ ¶ 10 "Subject matter jurisdiction is purely a question of law. *Commonwealth v. D.S.,* 903 A.2d 582, 584 (Pa.Super.2006); *Commonwealth v. John,* 854 A.2d 591, 593 (Pa.Super.2004), *appeal denied,* 582 Pa. 682, 870 A.2d 320 (2005). Likewise, the interpretation and "application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law." *Commonwealth v. Williams,* 871 A.2d 254, 262 (Pa.Super.2005). "As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary." *In re Wilson,* 879 A.2d 199, 214 (Pa.Super.2005) (*en banc*).

▇▇▇ ¶ 11 The principal objective of statutory interpretation is to ascertain and effectuate the intention of the legislature. 1 Pa.C.S.A. § 1921(a); *Commonwealth v. Menezes,* 871 A.2d 204, 209 (Pa.Super.2005), *appeal denied,* 586 Pa. 724, 890 A.2d 1057 (2005); *Commonwealth v. Reaser,* 851 A.2d 144, 148 (Pa.Super.2004), *appeal denied,* 581 Pa. 674, 863 A.2d 1145 (2004). "The basic tenet of statutory construction requires a court to construe words of the statute according to their plain meaning." *Commonwealth v. Heberling,* 451 Pa.Super. 119, 678 A.2d 794, 795 (1996).

▇▇▇ ¶ 12 When the entity in question is a creature of statute, "it has only those powers which are expressly conferred upon it by the Legislature and those pow-ers which arise by necessary implication" to effectuate those powers. *Feingold v. Bell of Pennsylvania,* 477 Pa. 1, 8, 383 A.2d 791, 794 (1977). As such, the statutory entity cannot exercise powers contrary to, in limitation of, or enlargement of those powers the Legislature has expressly conferred on it. *See, e.g., City of Philadelphia v. Schweiker,* 579 Pa. 591, 858 A.2d 75 (2004) (referring to statutory powers of municipalities under Home Rule Act). Conversely, all provisions of a statute which decrease the jurisdiction of a court of record must be strictly construed. 1 Pa.C.S.A. § 1928(b)(7).

¶ 13 Section 331.17 provides:

**§ 331.17. Powers of board respecting parolees; supervision of persons placed on probation; sentences for less than two years excepted**

The board shall have exclusive power to parole and re-parole, commit and recommit for violations of parole, and to discharge from parole all persons heretofore or hereafter sentenced by any court in this Commonwealth to imprisonment in any prison or penal institution thereof, whether the same be a state or county penitentiary, prison or penal institution, as hereinafter provided. It is further provided that the board shall have exclusive power to **supervise** any person hereafter placed on probation or parole (**when sentenced to a maximum period of less than two years**) by any judge of a court having criminal jurisdiction, when the court may by special order direct supervision by the board, in which case the probation or such parole case shall be known as a special case and the authority of the board with regard thereto shall be the same as herein provided with regard to parole cases within one of the classifications above set forth: **Provided, however,** That the powers and

duties herein conferred shall not extend to persons sentenced for a maximum period of less than two years, and nothing herein contained shall prevent any court of this Commonwealth from paroling any person sentenced by it for a maximum period of less than two years: And provided further, That the period of two years herein referred to shall mean the entire continuous term of sentence to which a person is subject, whether the same be by one or more sentences, either to simple imprisonment or to an indeterminate imprisonment at hard labor, as now or hereafter authorized by law to be imposed for criminal offenses. The power of the board to parole shall extend to prisoners sentenced to definite or flat sentences.

61 P.S. § 331.17 (emphasis added). Essentially, Section 331.17 governs the revocation and recommitment powers of the Board regarding parolees, the supervisory power of the Board regarding probationers, with certain exceptions and limitations drawn for persons sentenced to a maximum period of less than two years. *Id.*

¶ 14 Section 331.17a, in pertinent part, provides:

### § 331.17a. Supervising probationer; pre-sentence investigations; grant-in-aid; in-service training

(a) The board shall have exclusive power to supervise any person hereafter placed on probation by any judge of a court having criminal jurisdiction, when the court may by special order direct supervision by the board.

(b) The board shall make pre-sentence investigations, when requested to do so by the court.

* * *

61 P.S. § 331.17a(a)-(b).

¶ 15 Additionally, 42 Pa.C.S.A. § 9771 declares:

### § 9771. Modification or revocation of order of probation

(a) **General rule.** The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.

(b) **Revocation.** The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

* * *

42 Pa.C.S.A. § 9771(a)-(b). Subsection (c) of this statute places some conditions on the court's re-sentencing of a violator to total confinement. 42 Pa.C.S.A. § 9771(c). Subsection (d) states: "There shall be no revocation or increase of conditions of sentence under this section except after a hearing at which **the court** shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation." 42 Pa. C.S.A. § 9771(d) (emphasis added). Thus, Section 9771 contemplates the court's continued jurisdiction over probationers. *Id.* *See also* 37 Pa.Code § 65.3 (referring to "conditions governing special probation and parole" and stating: "The Board may, during the probation or parole period, in case of violation of the conditions of probation or parole, detain the special probationer or parolee in a county prison and make a recommendation to the **court,** which may result in the revocation of probation or parole and commitment to a penal or correctional institution to serve a sentence in the case of probation or the remainder of the sentence in the case of parole") (em-

phasis added); 37 Pa.Code § 65.5 (stating: "... (3) If a parolee is convicted of a crime committed while on special probation, or violates the conditions of probation, the **court** may revoke probation of and impose sentence upon the parolee. (4) If a parolee is convicted of a crime committed while on special parole, or violates the conditions of parole, the **court** may recommit the parolee to serve the balance of the sentence which the parolee was serving when paroled, with no credit given for time at liberty on parole") (emphasis added).

¶ 16 The *Kelly* case is both precedential and instructive. In *Kelly,* the defendant offered the same interpretation of Section 331.17 as in the present case, arguing that neither the court nor the county had any authority to detain him following a violation of his "special" probation sentences, because only the Board had that authority. Although the defendant's claim targeted the power to detain, the defendant relied on Section 331.17 to attack the court's and/or the county's authority to act in any manner on his probation violations. According to the defendant, the Board had "exclusive power to supervise special probation cases, with the same authority as in the case of special parole." *Kelly, supra* at 695 (quoting the defendant's brief at 9).

¶ 17 On appeal this Court was called upon to (1) interpret the court's powers under Section 331.17 and whether Section 331.17 should be read to deprive the Court of Common Pleas of jurisdiction to handle matters pertaining to violations of probation; and (2) decide whether the defendant's probation fell within Section 331.17's definition of a "special" probation. *Id.* at 697.

¶ 18 The *Kelly* Court reasoned:

[The defendant] received an aggregate sentence of eighteen to sixty months' imprisonment at a state facility for receiving stolen property ..., followed by three concurrent sentences of twenty-four months' special probation. Pursuant to section 331.17, "special probation" is defined as supervision over "any person hereafter placed on probation ... (when sentenced to a maximum period of **less than** two years) by any judge of a court having criminal jurisdiction, when the court may by special order direct supervision by the board...." 61 P.S. § 331.17 (emphasis supplied). Technically, because [the defendant] was sentenced to a maximum period of **more than** two years, his probation does not fall within section 331.17's definition of a "special case." Thus, [the Board] did not have the exclusive power to supervise [the defendant] under section 331.17.

However, [the Board] did have the power to supervise Appellant as a special case under a different statutory provision. [The Board] has "exclusive power to supervise any person hereafter placed on probation by any judge of a court having criminal jurisdiction, **when the court may by special order direct supervision by the board.**" 61 P.S. § 331.17a (emphasis supplied)....

* * *

*Id.* at 697.

¶ 19 Under a prior version of the statute denoting the powers of the Board, the Pennsylvania Supreme Court declared:

The Act of 1941 was concerned with the establishment of the Pennsylvania Board of Parole. Section 25 allowed our courts to specially order probations to be under the supervision of the board. The reason for section 25 allowing probation to the more serious offender was the legislative confidence in the supervision that would be exercised by the new board that the Act of 1941 had established as opposed to the supervision that would be

received by those placed under the various county probation departments as provided by the Act of 1911.

Since the Board was not given authority for either determining a violation or revoking probation for those placed under their supervision under section 25 there was no reason for the Act of 1941 to mention this function and it in fact did not.... [I]n drafting the Act of 1941 the legislature was concerned with the powers and duties of the Board and only referred to probation because it wished to provide the court with the election to place the supervision within the control of the Board. However, there being no change intended in the power to revoke probation where a violation had occurred, there was no need for additional legislation and the power remained as provided by the Act of 1911. We therefore hold that section 4 of the Act of 1911 controls revocations whether the probation was entered under the authority of the Act of 1911 or the Act of 1941. Section 4 provides:

> Whenever a person placed on probation, as aforesaid, shall violate the terms of his or her probation, he or she shall be subject to arrest in the same manner as in the case of an escaped convict; and shall be brought before the court which released him or her on probation, which court may thereupon pronounce upon such defendant such sentence as may be prescribed by law, to begin at such time as the court may direct.

*Commonwealth v. Kates*, 452 Pa. 102, 110–11, 305 A.2d 701, 706 (1973) (footnotes omitted). Historically, the authority to determine a violation of or to revoke a special probation generally remained with the trial court, absent a specific statutory directive to the contrary. *Id.*

¶ 20 Instantly, in response to Appellant's contention, the trial court concluded:

> Accordingly, we found that under the terms and conditions of Appellant's Special Probation/Parole, although the State Parole Board has custody of Appellant, **we** can revoke Appellant's probation and as the sentencing [court,] we retain authority to sentence Appellant on the probation violation. Because the document states that the Board can recommend to the [c]ourt an appropriate sentence for Appellant, it certainly follows that the [c]ourt can act on such recommendation and impose a sentence accordingly.
>
> We found that the Special Probation/Parole agreement does not divest the sentencing [court] of the authority to re-sentence Appellant for the probation violation, despite defense counsel's argument that the Board's act of sentencing Appellant [on the parole violation] divested this [c]ourt of jurisdiction to sentence Appellant [on the probation violation].

(Trial Court Opinion at 3–4).

¶ 21 Here, the court originally sentenced Appellant on November 20, 2000, to a term of three (3) to six (6) years' state incarceration, after he was found guilty of PWID. Appellant's sentence of state incarceration was to be followed by a four-year term of probation for Appellant's firearms conviction and a ten-year term of special probation for Appellant's conspiracy conviction, to be supervised by the Board. Because Appellant's original sentence exceeded two years, it did not meet Section 331.17's definition of a "special case." *See Kelly, supra.* Therefore, the Board's duties regarding Appellant's special probation derived from Section 331.17a, which limits the power of the Board to a supervisory role. *See Fein-*

gold, supra; Kelly, supra; 61 P.S. 331.17a. Specifically, Section 331.17a did not give the Board jurisdiction or power to determine if Appellant had violated his probation, to revoke his special probation, or to re-sentence Appellant following revocation of his special probation. *See Feingold, supra;* 1 Pa.C.S.A. § 1928(b)(7). We hold Section 331.17 did not apply to Appellant's case, and the power to determine, revoke and re-sentence Appellant following revocation of his special probation remained with the court under both Section 331.17a and the general modification/revocation statute at 42 Pa.C.S.A. § 9771. *See also* 1 Pa.C.S.A. § 1928(b)(7) (stating all statutory provisions decreasing jurisdiction of court of record must be strictly construed).

¶ 22 Based upon the foregoing, and consistent with established Pennsylvania law, the trial court retained the power, authority, or jurisdiction to determine whether Appellant violated his special probation, to revoke it, and to re-sentence Appellant following revocation of the special probation, notwithstanding the Board's duties of supervision. Accordingly, we affirm.

¶ 23 Judgment of sentence affirmed.

¶ 24 *Judge KLEIN FILES A CONCURRING STATEMENT.

## CONCURRING STATEMENT BY KLEIN, J.:

¶ 1 I fully join in the result and the scholarly opinion by my distinguished colleague. I write separately only to note the practical reasons for the sentence structure established by the legislature. Often, a trial judge will wish to put a "tail" on a defendant's sentence that extends beyond the time of his or her parole. Also, if there is a violation, the judge may wish to impose a new sentence that is longer than the amount of time remaining on the defendant's parole. Therefore, there are often good reasons to impose both a sentence to a state institution and separate probation.

¶ 2 At the same time, it is inefficient to have two different entities and agents supervising the same defendant at the same time. Therefore, by using special probation to be supervised by the Pennsylvania Board of Probation and Parole, the agent handling the parole will also handle the probation. At the same time, the trial judge retains his or her authority to resentence if there is a violation. This scheme is logical and maintains judicial discretion without duplicating effort.