J-S22023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| VINCENT BERNARD MYRICK | |
| Appellant | No. 1453 WDA 2014 |

Appeal from the Judgment of Sentence August 12, 2014
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000252-2011
CP-33-CR-0000256-2011

BEFORE:  PANELLA, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 28, 2015**

Vincent Bernard Myrick appeals from the judgment of sentence imposed in the Court of Common Pleas of Jefferson County after his probation was revoked.  Upon careful review, we affirm.

On September 7, 2011, at docket No. CP-33-CR-252-2011, Myrick pled guilty to one count of delivery of a controlled substance and was sentenced to 9 to 18 months' incarceration, followed by a period of 18 months of probation.  On that same date, at docket No. CP-33-CR-256-2011, Myrick pled guilty to one count of delivery of a controlled substance and was sentenced to 9 to 18 months' incarceration, followed by a period of 18 months of probation.  The sentences were imposed consecutively.

_____

[*] Retired Senior Judge assigned to the Superior Court.

While serving his first probationary sentence,[1] Myrick admitted to technical violations of his probation, including: (1) use of a controlled substance; (2) associating with known drug dealers; and (3) failing to use prescription medication as prescribed. At a *Gagnon II*[2] hearing held on August 12, 2014, the Honorable John H. Foradora revoked Myrick's probation and resentenced him to 2½ to 5 years on each case,[3] to run consecutively. Myrick filed a motion for reconsideration, which was denied. This timely appeal followed, in which Myrick raises one issue for our review: Whether the trial court abused its discretion when it revoked Myrick's probation and resentenced him to serve an aggregate term of 5 to 10 years' incarceration.

_____

[1] Myrick's parole ended on April 9, 2014. N.T. *Gagnon II* Hearing, 8/13/14, at 8. Accordingly, although the record does not explicitly state the docket number of the probationary sentence Myrick was serving at the time he violated, it is clear that he would have been serving the first of his two probationary terms.

[2] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[3] A trial court possesses the authority to anticipatorily revoke probation. *Commonwealth v. Ware*, 737 A.2d 251 (Pa. Super. 1999). Thus, even though Myrick was only serving the first of two consecutive probationary terms, the court was within its rights to revoke both probations. *See also Commonwealth v. Mitchell*, 955 A.2d 433, 435 n.2 (Pa. Super. 2008) (order of probation can be changed or revoked if, at any time before defendant completes maximum period of probation, or before he has begun service of probation, defendant commits offenses or otherwise demonstrates he is unworthy of probation).

Myrick challenges the discretionary aspects of his sentence. Such a challenge must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. *Commonwealth v. Raven*, 97 A.3d 1244, 1252 (Pa. Super. 2014) (citation omitted).

> Before we reach the merits of this issue, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1043-44 (Pa. Super. 2014) (some punctuation omitted).

Here, Myrick preserved his claim by filing a motion for reconsideration, followed by a timely appeal. In addition, Myrick's appellate brief contains a statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f), in which he claims that his sentence was manifestly unreasonable under the circumstances of the case and that the court failed to state adequate reasons for the sentences imposed.[4]

_____

[4] Myrick's second claim, that the trial court failed to state adequate reasons for the sentences imposed, is waived, as his brief is devoid of argument on this issue. *Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002) ("[I]t is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal.").

A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question. *See Commonwealth v. Mouzon*, 812 A.2d 617, 624 (Pa. 2002). Accordingly, we will review this claim on its merits.

We begin by noting that sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Id.* In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. *Id.*

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). The trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. *Colon*, 102 A.3d at 1044.

However, the court's ability to impose a sentence of total confinement is limited by section 9771(c) of the Sentencing Code, which provides that a court may only impose such a sentence if it finds that:

(1)   the defendant has been convicted of another crime;

(2)   the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3)     such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

Here, the gist of Myrick's extremely brief argument is that the sentence imposed by Judge Foradora was excessive because Myrick's violations were his first and were technical in nature.  He claims that the aggregate 5 to 10 year sentence is "out of proportion to the gravity of the offense, and what would be necessary to address its impact on the community and [his] rehabilitative needs[.]"  Brief of Appellant, at 9.  Myrick is entitled to no relief.

Myrick's underlying probationary sentence was imposed for two convictions for delivery of a controlled substance under 35 P.S. § 780-113(a)(30), each of which carries a maximum penalty of 5 years' incarceration.  **See** 35 P.S. § 780-113(f)(2).  Judge Foradora imposed consecutive sentences of 2½ to 5 years, well within the statutory limit.

Based on Myrick's conduct while on probation, Judge Foradora concluded that he was likely to violate again and that a sentence of total confinement was necessary to vindicate the authority of the court.  **See** 42 Pa.C.S.A. § 9771(c)(2) & (3).  At the **Gagnon II** hearing, the court cited the following conduct engaged in by Myrick within three months of the beginning of his probationary period:

Now, I look at your situation. May, June, July, on our probation for about three months, you have a hot urine, you have a dead woman in your bed[5], you have a [methadone] pill count that's 20 tablets short, and then you['re] on video purchasing syringes in the Hometown Pharmacy when you don't take medication that [requires] a syringe. And you said that you did it for a girl's grandmother. Those are the things that if you have a drug problem or are in trouble, you should stay away from. You shouldn't be dropping your [methadone] tablets down the vent[6], shouldn't have drug users in your apartment – especially ones dying in there – shouldn't be using marijuana, and shouldn't be purchasing syringes for other people, when I'm sure you knew it wasn't for her grandmother. It was probably for her to use to ingest drugs in an intravenous manner.

N.T. *Gagnon II* Hearing, 8/13/14, at 9. Moreover, Myrick failed to take any responsibility whatsoever for his conduct, stating to the court that he didn't really understand why he was being "punished." *See id.* at 4.

Based on the foregoing, we can discern no abuse of discretion on the part of the trial court in imposing an aggregate sentence of total confinement of 5 to 10 years, particularly in light of Myrick's multiple violations of the conditions of his probation within only three months of commencing supervision.

Judgment of sentence affirmed.

_____

[5] On July 17, 2014, a known drug user named Brittney Burnette was found deceased in Myrick's apartment. Myrick claimed that he was unaware of her drug use, had only known her for three days, and that "[s]he was the babysitter." N.T. *Gagnon II* Hearing, 8/13/14, at 6.

[6] Myrick's probation officer counted his methadone tablets on July 1, 2014 and found his supply to be 20 tablets short. Myrick claimed that he had "dropped them down a vent in [his] apartment." Notice of Charges and Hearing Rights & Written Request for Revocation, 7/21/14.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/28/2015