J-S69039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AARON A. POTTS, | |
| Appellant | No. 2017 MDA 2015 |

Appeal from the Judgment of Sentence July 17, 2015
in the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0004251-2013

BEFORE: STABILE, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 14, 2016**

Appellant, Aaron A. Potts, appeals from the judgment of sentence imposed following revocation of his parole and probation. We affirm.

The trial court aptly summarized the procedural history of this case as follows:

On March 10, 2014, Appellant . . . pled guilty [pursuant to a negotiated plea agreement] to one count of corruption of minors, a first degree misdemeanor.[1] The charges were filed in connection with inappropriate behavior of a sexual nature with a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.[A.] [§] 6301(a)(1)(i). [Appellant] had been charged with three additional crimes: Unlawful Contact With Minor—Sexual Offense (18 Pa.C.S.[A.] §[]6318(a)(1)), Indecent Assault of Person Less Than 16 Years of Age (18 Pa.C.S.[A.] §[]3126(a)(8)) and Corruption of Minors—Def. Age 18 or Above (18 Pa.C.S.[A.] §[ 6301(a)(ii)).] The second corruption of minors charge was dismissed at the preliminary hearing and the remaining charges were withdrawn at the guilty plea/sentencing hearing.

minor child.  On that same day, [the] court sentenced him to a split sentence, as follows:

> 1. Phase One—six (6) to twenty-three (23) months [of] incarceration in Dauphin County Prison;
>
> 2. Phase Two—thirty-six (36) months of probation consecutive to Phase One.

Appellant was made eligible for work release[2] and subject to several conditions including: no contact with the victim and her family; no contact with minor females under the age of eighteen (18); no employment or volunteer work with female children; a curfew while on probation; and, a sexual offender evaluation [and treatment].  Appellant was ordered to report to the Dauphin County Work Release Center on April 10, 2014 by 10:00 a.m.

Appellant failed to report on April 10, 2014, so a warrant was issued for his arrest.  Law enforcement executed the warrant when he was discovered and committed him to the Work Release Center.  On April 1, 2015, Appellant was paroled and commenced his term of probationary supervision.  On June 9, 2015, Dauphin County Adult Probation submitted a request for a revocation hearing alleging that Appellant had violated several parole rules.  Following a revocation hearing on July 17, 2015, Appellant's parole and probation were revoked.  Based upon the revocation, [the] court sentenced him to a nine (9) month term of incarceration which represented the remaining back time on Phase One of his original sentence.  Phase Two was also revoked and he was sentenced to an eighteen (18) to thirty-six (36) month term of incarceration consecutive to Phase One.  Fourteen months of time credit were applied.  Appellant was also ordered to participate in sex offender treatment and all of the no contact and curfew conditions of his original sentence were reimposed.

A post-sentence motion was filed on July 23, 2015, contending that Appellant's sentence upon revocation was excessive and unreasonable as he was sentenced to the

---

[2] Work release rules precluded Appellant from possessing a cell phone.  (*See* N.T. Revocation Hearing, 7/17/15, at 8).

maximum punishment allowable for a first degree misdemeanor. Upon consideration of Appellant's motion and the Commonwealth's response, [the] court denied relief by order dated August 10, 2015.

On August 19, 2015, Appellant filed a notice of appeal to the Pennsylvania Superior Court. The appeal was subsequently quashed *sua sponte* by the Superior Court as the notice of appeal had been untimely filed.

Following remand of the record to the trial court, Appellant filed a Post-Conviction Relief Act Petition [**See** 42 Pa.C.S.A. §§ 9541-9546,] requesting reinstatement of his appeal rights *nunc pro tunc*. The Commonwealth did not oppose his petition and upon review, [the] court granted his relief, reinstating his appellate rights. Appellant was also told that he had thirty (30) days in which to file a notice of appeal should he choose to do so. Appellant timely filed a notice of appeal on November 17, 2015.

In compliance with [the] court's order, on November 24, 2015, Appellant timely filed a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)[.] . . .

(Trial Court Opinion, 2/03/16, at 1-3) (footnote and some capitalization omitted). The trial court filed its opinion on February 3, 2016. **See** Pa.R.A.P. 1925(a).

On appeal, Appellant raises one issue for our review:

Was not the imposition of a probation violation sentence of [one and one-half] to [three] years['] incarceration, consecutive to a [nine]-month imposition of back-time for violating parole, clearly unreasonable, so manifestly excessive as to constitute an abuse of discretion, and inconsistent with the protection of the public, the gravity of the offenses, and [Appellant's] rehabilitative needs where the revocation conduct involved technical violations of parole/probation that occurred soon after [Appellant's] release on parole and where the court based its revocation sentence in part on conduct that occurred during [Appellant's] incarceration prior to his being paroled?

- 3 -

(Appellant's Brief, at 4) (some capitalization omitted).

Appellant argues the trial court abused its discretion in imposing an unreasonable and excessive sentence of total confinement, given that the revocation was based only on technical violations, and not a new offense. (*See id.* at 12-13, 18). Appellant maintains that, in imposing a term of incarceration, the court failed to consider factors that bear upon sentencing, including his need for rehabilitation and treatment. (*See id.* at 12, 19).

As an initial matter, we observe that Appellant's issue challenges the discretionary aspects of his sentence.

> . . . [A] challenge to the discretionary aspects of a sentence is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781.
>
>> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042-43 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015) (case citations omitted).

- 4 -

Instantly, Appellant preserved his claim by filing a post-sentence motion, filed a timely notice of appeal, and included in his brief a concise statement pursuant to Pa.R.A.P. 2119(f). Furthermore, Appellant's claim that the trial court inappropriately sentenced him to a term of total confinement based on technical violations raises a substantial question for our review. *See Colon*, *supra* at 1043. Accordingly, we will review his claim on its merits.

Our standard of review is well-settled. We have explained:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). [U]pon revocation [of probation] . . . the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. However, 42 Pa.C.S.A. § 9771(c) provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

In addition, in all cases where the court resentences an offender following revocation of probation . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant. 42 Pa.C.S. § 9721(b). A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

*Id.* at 1043–44 (case citations and quotation marks omitted).

Here, at the revocation hearing, the trial court heard from Dauphin County Probation Officer Doug Lauver, who described Appellant's extensive history with the department. (*See* N.T. Revocation Hearing, at 2-6). Mr. Lauver testified regarding Appellant's initial failure to report to work release, and informed the court of Appellant's multiple employment terminations once he did report, due to verbal altercations with his employers. (*See id.* at 3-4). Mr. Lauver also reported Appellant's failure to pay fines; his possession of a cell phone in the work release center containing numerous pornographic photographs; his refusal to provide the probation department

with his correct address; his failure to participate in court-ordered evaluation and treatment; and his belligerent behavior towards probation officers and work release staff. (***See id.*** at 2-6). The court also heard from Appellant, who provided copious excuses for his actions before eventually taking responsibility for his failure to provide his correct address and to pay fines, and for his aggressive behavior, which he claimed was provoked by others. (***See id.*** at 9-12).

In its Rule 1925(a) opinion, the court emphasized that the Commonwealth gave Appellant a generous plea deal, which included the withdrawal of two charges, and it explained its reasons for the sentence of total confinement as follows:

> . . . [T]he record is replete with support for the finding that the sentence imposed was proper. Appellant's possession of pornographic materials on his cellphone combined with his resistance to treatment and supervision and his failure to undergo a sexual offender evaluation amounts to a likelihood that, unless incarcerated, he would commit another crime. Additionally, the record also shows that Appellant has flouted the court's authority since his original sentencing in March of 2014. Finally, Appellant made an excuse for every alleged violation until pressed by the court, at which time he admitted culpability for failing to pay fines, his overt behavior to work release staff and his [probation officer], and for being deceptive with respect to providing an address. This court submits that the incarceration sentence handed down is essential to vindicate our authority.
>
> . . . [T]his court submits that in light of Appellant's continuing pattern of defiant and aggressive behavior along with his resistance to treatment and failure to take any blame for his circumstance, discretion was properly exercised in the re-sentencing of Appellant following the revocation of parole/probation.

(Trial Ct. Op., at 9-10; *see id.* at 8) (citation and some capitalization omitted).

Upon review, we discern no abuse of discretion in the trial court's determination that Appellant's sentence of imprisonment was essential to vindicate the authority of the court, and that his pattern of noncompliant conduct, including his failure to participate in sexual offender evaluation and treatment, indicated a likelihood that he will commit another crime if he is not imprisoned.  *See* 42 Pa.C.S.A. § 9771(c)(2), (3); *Colon*, *supra* at 1043–44.[3]  Accordingly, we affirm the judgment of sentence.

---

[3] We note that as part of his issue on appeal, Appellant asserts the court improperly based its revocation sentence in part on his conduct before he was paroled, and erroneously conflated his pre-parole and post-parole conduct.  (*See* Appellant's Brief, at 11, 21-22).  To the extent Appellant seeks to raise this claim as a distinct issue, we agree with the Commonwealth that it is waived for his failure to include it in his Rule 1925(b) statement, and we note that the trial court did not address this issue. (*See* Commonwealth's Brief, at 8, 15-17; Trial Ct. Op. at 6-10); *see also Commonwealth v. Treiber*, 121 A.3d 435, 475 (Pa. 2015) ("These issues are waived because appellant did not state them with sufficient specificity in his Concise Statement of Matters Complained of on Appeal.") (citing Pa.R.A.P. 1925(b)(4)(vii)).  Moreover, "[u]nder Pennsylvania law, an order of probation can be changed or revoked if, at any time before the defendant has completed the maximum period of probation, or before he has begun service of his probation the defendant commits offenses or otherwise demonstrates he is unworthy of probation." *Commonwealth v. Mitchell*, 955 A.2d 433, 435 n.2 (Pa. Super. 2008), *appeal denied*, 964 A.2d 894 (Pa. 2009) (citations and internal quotation marks omitted).  Thus, Appellant's argument would merit no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/14/2016