J-S55016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ALLEN SHONK | |
| Appellant | No. 526 MDA 2017 |

Appeal from the Judgment of Sentence February 14, 2017
in the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0003228-2009

BEFORE:  DUBOW, RANSOM, and STRASSBURGER, JJ.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED OCTOBER 18, 2017**

Appellant, Allen Shonk, appeals from the judgment of sentence of eighteen months to four years of incarceration, entered February 14, 2017, which was imposed after the revocation of Appellant's probation.  Additionally, Appellant's counsel, Donna M. DeVita, Esq., seeks to withdraw her representation of Appellant pursuant to ***Anders v. California***, 87 S. Ct. 1936 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We affirm and grant counsel's petition to withdraw.

The trial court discussed the procedural history of this matter as follows:

> On December 11, 2009, [Appellant] pled guilty to one count of burglary,[1] and in exchange, the other charges pending against [Appellant] were nolle prossed.  These charges arose between

_____

[*] Retired Senior Judge assigned to the Superior Court.
[1] ***See*** 18 Pa.C.S. § 3502(a).

August and November of 2009 when the defendant committed several burglaries of homes in Moosic Lakes, Jefferson Township. At the guilty plea proceeding, the defendant admitted to committing these crimes.

On March 3, 2010, [Appellant] was sentenced to 30 months to 72 months of incarceration followed by 2 years of probation. [Appellant] was released on parole, but violated the terms of his special probation and parole. On July 19, 2016, [Appellant] stipulated to the violation of the special probation sentence, and the court revoked the special probation sentence and deferred resentencing pending disposition of a new offense in Luzerne County. On February 14, 2017, [Appellant] was resentenced to 18 to 48 months of incarceration.

*See* Trial Court Opinion (TCO), 4/28/17, at 1-2. Subsequent to his resentencing, Appellant filed a motion for reconsideration of sentence, which was denied.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The court issued a responsive opinion.

In this Court, Appellant's counsel has filed an *Anders* brief, asserting two issues that Appellant might seek to raise: 1) whether the sentence was legal as the violation occurred before Appellant began serving his probation, and 2) whether the sentence was inappropriately harsh and excessive and an abuse of discretion for a technical violation. *See* Appellant's Brief at 4.

When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on direct appeal

- 2 -

under **Anders**, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in **Santiago**, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

> Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-880 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of **Anders** and **Santiago**, only then may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In the instant matter, Attorney DeVita's **Anders** brief complies with the above-stated requirements. Namely, she includes a summary of the relevant

factual and procedural history; she refers to the portions of the record that could arguably support Appellant's claims; and she sets forth her conclusion that Appellant's appeal is frivolous. She explains her reasoning and supports her rationale with citations to the record as well as pertinent legal authority. Attorney DeVita avers she has supplied Appellant with a copy of her *Anders* brief and a letter explaining the rights enumerated in *Nischan*. Accordingly, counsel has complied with the technical requirements for withdrawal. Thus, we may independently review the record to determine if the issues Appellant raises are frivolous and to ascertain if there are other non-frivolous issues he may pursue on appeal.

First, Appellant claims that his sentence is illegal, as he had not begun serving probation when his probation was revoked.[2] *See* Appellant's Brief at 10.

On appeal from a sentence imposed after the revocation of probation, our review is limited to determining the validity of the revocation proceedings and the authority of the court to consider the same sentence alternatives it had at the time of the initial sentence. *See Commonwealth v. MacGregor*, 912 A.2d 315, 317 (Pa. Super. 2006). A sentence of total confinement may be imposed if the defendant has been convicted of another crime or if his conduct indicates it is likely he will commit another crime. *See*

---

[2] Appellant's counsel includes this issue in her Pa.R.A.P. 2119(f) statement; however, it seems more appropriately a challenge to the legality of the sentence rather the discretionary aspects.

*Commonwealth v. Hoover*, 909 A.2d 321, 323 (Pa. Super. 2006). (affirming judgment of sentence following revocation of probation, where defendant violated before probation service had begun; defendant had not committed new criminal offenses but demonstrated he was unworthy of probation).

Further, a defendant need not have commenced his probationary sentence when a court revokes his probation. *See Commonwealth v. Wendowski*, 420 A.2d 628, 630 (Pa. Super. 1980). It is well-settled that an order of probation may be changed or revoked "if, at any time before the defendant has completed the maximum period of probation, or before he has begun service of his probation the defendant commits offenses or otherwise demonstrates he is unworthy of probation." *See Commonwealth v. Mitchell*, 955 A.2d 433, 435 n.2 (Pa. Super. 2008) (internal quotation omitted); *see also Hoover*, 909 A.2d at 323.

Here, the court determined that:

> [p]robation was no longer appropriate for this defendant and his conduct indicated that not only was it likely that he would commit another crime, but he had committed another crime. This court sentenced him within the statutory limits, and did not abuse its discretion.

*See* TCO at 3. We find no error of law or abuse of discretion in this conclusion. *See MacGregor*, 912 A.2d at 317; *Hoover*, 909 A.2d at 323.

Appellant next challenges the discretionary aspects of his sentence, arguing that the sentence imposed was harsh and unreasonable and an abuse of discretion. *See* Appellant's Brief at 12.

A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal. *See Commonwealth v. Coulverson*, 34 A.3d 135, 142 (Pa. Super. 2011); *see also* Pa.R.A.P. 2119(f). This Court conducts a four-part analysis to determine: (1) whether Appellant has timely filed a notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted).

Appellant timely filed a notice of appeal and has included a statement pursuant to Pa.R.A.P. 2119(f) in his brief. *See* Appellant's Brief at 9-12. However, Appellant did not preserve this issue at sentencing or in a post-sentence motion. Appellant did timely file a post sentence motion requesting a minimal state sentence or his probation reinstated and argued he was the product of particular circumstances not fully expressed at the time of sentencing, but he did not raise the issue that the sentence was excessive. *See* Post Sentence Motion, 2/15/17, at ¶¶ 1-7. Accordingly, we may not reach the merits of his issue. *See Leatherby*, 116 A.3d at 83.

In short, we agree with Attorney DeVita that Appellant's issues are frivolous. We have independently reviewed the record and find no other issues

of arguable merit that he could pursue on appeal. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Petition to withdraw granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2017