J-S71024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JODI LOUISE LEWIS, | |
| Appellant | No. 581 WDA 2015 |

Appeal from the Judgment of Sentence March 4, 2015
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000077-2009, CP-33-CR-0000116-2009

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, and OTT, JJ.

MEMORANDUM BY SHOGAN, J.:                      **FILED DECEMBER 30, 2015**

Appellant, Jodi Louise Lewis, appeals from the judgment of sentence entered on March 4, 2015, following the revocation of her probation. Appellate counsel has filed a petition to withdraw his representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern a petition to withdraw from representation on direct appeal. After review, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

The record reflects that on May 20, 2009, at Docket Number CP-33-CR-77-2009, Appellant pled guilty to one count of theft by unlawful taking, and at Docket Number CP-33-CR-116-2009, Appellant pled guilty to one

count of escape. The trial court sentenced Appellant to a minimum term of four months and fifteen days to a maximum term of two years less one day in the Jefferson County Jail, followed by one day of probation on the escape conviction. The Court also sentenced Appellant to a term of two years of probation for the theft conviction, and this sentence of probation was ordered to be served consecutively to the sentence imposed for escape.

On September 30, 2009, a bench warrant was issued after the Jefferson County Adult Probation Department received information that Appellant was in technical violation of her probation concerning her residence and because new criminal charges were filed against her in South Carolina. On December 16, 2009, the trial court revoked Appellant's probation at Docket Number CP-33-CR-116-2009 and resentenced her to a term of sixteen months to sixty months in a state correctional institution followed by two years of probation. The trial court also revoked Appellant's probation at Docket Number CP-33-CR-77-2009 and resentenced Appellant to a term of two years of probation, which was ordered to be served concurrent to the probation portion of her sentence at Docket Number CP-33-CR-116-2009.

On August 7, 2014, a bench warrant was issued after the Jefferson County Adult Probation Department received information that Appellant was again in violation of her probation due to her use of controlled substances, threatening to kill a man in Union County, North Carolina, failing to complete

a treatment program, and failing to pay outstanding fees resulting from her previous extradition. On August 12, 2014, Appellant waived her **Gagnon I** hearing[1] admitting to the violations, and she proceeded to a **Gagnon II** hearing. **Gagnon** Order, 8/12/14. On August 27, 2014, the trial court directed Appellant to submit a residence plan to the Jefferson County Adult Probation Department, but inexplicably, no further court action was taken.

On October 7, 2014, the Jefferson County Court issued a detainer as a result of new criminal charges filed against Appellant in Clearfield County.[2] On February 10, 2015, Appellant pled guilty and was sentenced to time served of fifty-three days to one year for possession of a controlled substance in Clearfield County. On March 4, 2015, the Jefferson County Court of Common Pleas revoked Appellant's probation at both Jefferson County docket numbers and resentenced Appellant.[3] At Jefferson County

---

[1] Due process requires a probationer be given a preliminary (**Gagnon I**) and a final (**Gagnon II**) hearing prior to revoking probation. **Commonwealth v. Knoble**, 42 A.3d 976, 978 n.1 (Pa. 2012) (citing **Gagnon v. Scarpelli**, 411 U.S. 778 (1973)). The **Gagnon** decision has become the common moniker for both parole and probation revocation proceedings. **Commonwealth v. Stafford**, 29 A.3d 800, 801 n.1 (Pa. Super. 2011).

[2] The trial court has the authority to detain a state parolee. **Commonwealth v. Kelly**, 931 A.2d 694, 697 (Pa. Super. 2007).

[3] The trial court had the authority to revoke Appellant's probation even though Appellant had not yet begun to serve the probationary portion of her split sentence and despite the fact that the offense upon which revocation of probation was based occurred during the parole period and not the
*(Footnote Continued Next Page)*

Docket Number CP-33-CR-116-2009, the trial court resentenced Appellant to a term of three to seven years of incarceration with credit for time served,[4] and at Docket Number CP-33-CR-77-2009, the trial court imposed a sentence of two and one-half to five years with credit for time served.[5] The sentences were ordered to be served concurrently.

Appellant filed a timely post-sentence motion that was denied on March 13, 2015. This timely appeal followed. However, before we may address the question raised on appeal, we first must resolve appellate counsel's request to withdraw. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

probationary period. ***Commonwealth v. Ware***, 737 A.2d 251, 253 (Pa. Super. 1999).

[4] At Docket Number CP-33-CR-116-2009, the trial court made Appellant eligible for release pursuant to the Recidivism Risk Reduction Incentive ("RRRI") Act, 61 Pa.C.S. §§ 4501-4512, at twenty-seven months.

[5] At Docket Number CP-33-CR-77-2009, the trial court made Appellant RRRI eligible at twenty two-months.

*Id.* at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within the petition to withdraw, counsel averred that he conducted a conscientious examination of the record, including Appellant's prior sentence orders, plea colloquy, post-sentence motions, and all other documents of record. Following that review, counsel concluded that the present appeal is wholly frivolous. Counsel sent to Appellant a copy of the *Anders* brief and petition to withdraw, as well as a letter, a copy of which is attached to the motion. In the letter, counsel advised Appellant that she could represent herself or that she could retain private counsel to represent her.

We now examine whether the brief satisfies the Supreme Court's dictates in *Santiago*, which provide that:

> in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Cartrette*, 83 A.3d at 1032 (quoting *Santiago*, 978 A.2d at 361).

Counsel's brief is compliant with *Santiago*. It sets forth the factual and procedural history of this case and outlines pertinent case authority. Counsel also raises one potential issue:

(1)  Whether the trial court abused its discretion when it revoked Appellant's probation/parole and re-sentenced her to serve a sentence of incarceration in the State Correctional Institution aggregating to a minimum of three (3) years to a maximum of seven (7) years with credit for time served for appellant's violations of probation /parole.

***Anders*** Brief at 4.[6]

Appellant asserts that the sentence imposed after the revocation of her probation was unreasonably excessive. ***Anders*** Brief at 9. Appellant maintains that her sentence is too severe because her violations were drug related misdemeanors, and the trial court's authority could be vindicated with a lesser sentence. ***Id***. at 7-9. Furthermore, Appellant contends the court's reasoning does not "adequately show how the sentence is necessary to vindicate the [c]ourt's authority, or how the violations show [s]he is likely to commit a new offense." ***Id***. at 10.

Appellant's claim challenges the discretionary aspects of her sentence. An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so. ***Commonwealth v. Kalichak,*** 943 A.2d 285, 289 (Pa. Super. 2008); 42 Pa.C.S. § 9781(b). Before this Court may

---

[6] Appellant appealed the three-to-seven-year sentence at Docket Number CP-33-CR-116-2009 and the two-and-one-half-to-five-year sentence at Docket Number CP-33-CR-77-2009. However, in the ***Anders*** Brief, Appellant challenges only the three-to-seven-year sentence at Docket Number CP-33-CR-116-2009. The ramifications of the decision to forego challenging the two-and-one-half-to-five-year sentence at Docket Number CP-33-CR-77-2009 will be addressed below.

review the merits of a challenge to the discretionary aspects of a sentence, we must engage in a four-pronged analysis:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citing ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006)). ***See also*** Pa.R.Crim.P. 708, Comment (discussing proper preservation of issues challenging the discretionary aspect of a sentence imposed following a revocation hearing).

A determination as to whether a "substantial question" exists is made on a case-by-case basis, and this Court will grant the appeal "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Sierra***, 752 A.2d 910, 912-913 (Pa. Super. 2000). A claim that the sentence is manifestly excessive, inflicting too severe a punishment, does present a substantial question. ***Cartrette***, 83 A.3d at 1038.

Appellant has met the four-prong test required prior to our review of the merits of a discretionary challenge to a sentence: Appellant's appeal

- 7 -

was timely filed, Appellant preserved the issue in her post-sentence motion, Appellant included a statement pursuant to Pa.R.A.P. 2119(f) in her brief, and Appellant has raised a substantial question. *Evans*, 901 A.2d at 533; *Cartrette*, 83 A.3d at 1038. Thus, we shall address the merits of Appellant's claim.

When we consider an appeal from a sentence imposed following the revocation of probation, our standard of review is well settled:

> Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S. § 9771(b). *See also Commonwealth v. Gheen*, 455 Pa. Super. 299, 688 A.2d 1206, 1207 (1997) (the scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the judgment of sentence). Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. *Id.*, 688 A.2d at 1207-1208. *Accord Commonwealth v. Ware*, 737 A.2d 251, 254 (Pa. Super. 1999).

*Commonwealth v. MacGregor*, 912 A.2d 315, 317 (Pa. Super. 2006) (citing *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000)). It is also well settled that the revocation of a probationary sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. *MacGregor*, 912 A.2d at 317. "[A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised

- 8 -

was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (internal quotation marks omitted).

Upon the revocation of probation, the sentencing court has all of the alternatives available at the time of the initial sentencing. *See* 42 Pa.C.S. § 9771(b); *Commonwealth v. Mazzetti*, 44 A.3d 58, 61 (Pa. 2012). Here, Appellant was resentenced to total confinement. Sentences of total confinement following the revocation of probation are governed by 42 Pa.C.S. § 9771.

> **(c) Limitation on sentence of total confinement.**--The court shall not impose a sentence of total confinement upon revocation [of probation] unless it finds that:
>
>> (1) the defendant has been convicted of another crime; or
>>
>> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>>
>> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

It was uncontroverted that Appellant violated the conditions of her probation by committing and being convicted of new crimes in Clearfield County. N.T., 3/4/15, at 3. As noted above, following the trial court's finding that Appellant violated probation, Appellant was sentenced to a term of three to seven years of imprisonment on the original conviction, with

credit for time served. *Id*. at 8. This sentence was within the range of potential sentencing alternatives available to the court upon Appellant's original conviction. 18 Pa.C.S. § 1103(3) (providing that a person may be sentenced to imprisonment for a term which shall not exceed seven years in the case of a felony of the third degree). Thus, the sentencing court did not impose an illegal sentence following the probation revocation.

Furthermore, we cannot agree with Appellant's claim that the sentence was manifestly excessive or unreasonable. At the time of sentencing, the trial court explained the reasons for the sentence it imposed. The trial court stated that it had repeatedly shown Appellant leniency and provided her with opportunities to turn her life around, but instead of availing herself of those opportunities, she failed to abide by the conditions of her probation and opted to commit additional crimes. N.T., 3/4/15, at 8-10. The trial court further explained its rationale in its Pa.R.A.P. 1925(a) opinion as follows:

> Pursuant to 42 Pa.C.S.A. § 9771(c), a sentence of total incarceration is warranted if a defendant has been convicted of new charges while on probation or if it is deemed to be necessary to vindicate the authority of the court. Both considerations contributed to the sentence in this case. More specifically, [Appellant] was convicted in Clearfield County on a drug violation while on probation, (*Gagnon* Transcript, 03/04/2015, p. 3), and despite its earlier leniency, [Appellant] persisted in flouting the Court's authority by continuing to violate the terms and conditions of her probation. (*See id*. at 7-8, 10).

> Under the circumstances, a sentence of 3-7 years is certainly not unreasonable, either. As the Court noted, [Appellant] would be RRRI eligible at 27 months and was entitled to nearly 2 years' credit [for time served], (*id.* at 10), which meant she would be eligible for parole within just a few months

- 10 -

of the date the Court sentenced her. Anything less would have effectively resulted in a time served sentence, which would not have been appropriate. [Appellant's] conduct was a clear violation of her probation, and the Court had already shown mercy to no effect. What [Appellant] needed, therefore, was a sentence that entailed some period of incarceration - one that would convey to her that the Court would not continue to look the other way while she ignored her legal obligations. Her overall sentence of 3-7 years was designed to do precisely that and, as such, was not an abuse of discretion.

Trial Court Opinion, 5/20/15, at unnumbered 1-2.

We conclude that the trial court provided a thorough and thoughtful recitation of its reasons for the imposition of a sentence of incarceration. Based on that rationale, the sentence of total confinement was appropriately imposed. Appellant's previous conduct indicates that it is likely she will commit another crime if she is not imprisoned, and such a sentence is essential to vindicate the authority of the court. 42 Pa.C.S. § 9771(c)(1-3); *Fish*, 752 A.2d at 923; N.T., 3/4/15, at 8-10. Moreover, Appellant has failed to establish that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. *Commonwealth v. Mann*, 957 A.2d 746, 749 (Pa. Super. 2008). Accordingly, we conclude that the sentence imposed by the trial court was not manifestly excessive or unreasonable. As a result, Appellant's claim lacks merit.

We also have independently reviewed the record in order to determine if counsel's assessment about the frivolity of the present appeal is correct. *See Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015)

- 11 -

(after determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must conduct an independent review of the record to determine if there are additional, non-frivolous issues overlooked by counsel). As noted above, while Appellant appealed from the judgments of sentence imposed at Docket Number CP-33-CR-77-2009 and Docket Number CP-33-CR-116-2009, in the *Anders* Brief, she challenged only the sentence imposed at Docket Number CP-33-CR-116-2009. *Anders* Brief at 4. However, for the reasons set forth in our discussion of the sentence imposed at Docket Number CP-33-CR-116-2009, if Appellant had pursued a challenge to the judgment of sentence entered at Docket Number CP-33-CR-77-2009, we would conclude that the appeal was frivolous. The sentence at Docket Number CP-33-CR-77-2009 was legal, it was not excessive, and the trial court aptly explained its reasons for the sentence imposed.

Thus, after review of the issue raised by counsel and our independent review of the record, we conclude that an appeal in this matter is frivolous. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/30/2015