**John J. LYNCH, Sr., Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 6, 1998.

Decided April 2, 1998.

John J. Lynch, appellant, for himself.

No appearance for appellee.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue on appeal is whether there is competent evidence to support the conclusion of the Court of Common Pleas of Philadelphia County (trial court) that John J. Lynch, Sr. (Appellant) violated Sections 1572(a)(1)(ii) and 1572(b) of the Vehicle Code.[1] We con-

1. 75 Pa.C.S. §§ 101–9805.

clude that there is not, and the decision of the trial court is therefore reversed.

Because the Department of Transportation (DOT) did not file a brief and Appellant's brief was filed *pro se,* the facts of this case have been difficult to establish. However, our review of the record, primarily the transcript of the April 21, 1997 hearing before the trial court, and the exhibits entered into evidence by DOT, discloses what we believe to be the following relevant facts. On October 19, 1996, DOT sent a letter to Appellant stating as follows: "Upon receipt of evidence that you were issued a driver's license in error, the Department is hereby canceling any driver's license, learner's permit or camera card in your possession as authorized under Section 1572 of the Vehicle Code."

Section 1572 provides as follows:

§ 1572. Cancellation of driver's license

(a) General rule.—

(1) The department may cancel any driver's license upon determining that one of the following applies:

(i) The licensee was not entitled to the issuance.

(ii) The person failed to give the required or correct information or committed fraud in making the application or in obtaining the license.

(iii) The license has been materially altered.

(iv) The fee has not been paid.

(v) The licensee voluntarily surrenders his driving privilege.

(2) Upon the cancellation, the licensee shall immediately surrender the canceled license to the department.

(b) Other states.— The department shall cancel a driver's license issued during the period of another state's suspension or revocation following an offense which resulted in an out-of-state suspension or revocation if the offense would result in suspension or revocation under this title.

▌ Appellant appealed to the trial court and a hearing was held on April 21, 1997, at which DOT offered the testimony of Kim Sullivan, Clerical Supervisor of the Department of Transportation, Bureau of Drivers Licenses. Ms. Sullivan testified that her investigation has revealed that Appellant currently has three Pennsylvania driver's licenses.[2]

On cross-examination,[3] Ms. Sullivan testified that Appellant did not actually apply for three Pennsylvania driver's licenses. In fact, he only applied for one, and the application was entered into evidence as Commonwealth Exhibit C–1A. The other two "licenses" that Appellant has are apparently driver numbers that were assigned to him by DOT when he was cited for driving without a license, as shown by the following testimony of Ms. Sullivan:

Q. Well, I guess what I'm asking is if I said I was John Copy Machine, and my date of birth was 9–26–60, and I was issued a citation, didn't have a driver's license, I was issued a ticket, driving without a license?

A. We would assign you [a driver number.]

Q. And I did nothing about the ticket, the ticket would—then the Court, the District Court would notify the Department of Transportation, you would move to suspend my driver's license for failure to— failure to respond; is that correct, is that a correct assumption of what would happen?

A. Yes.

Q. Then you would find that John Copy Machine has no driving license, then what would you do?

A. We would assign a driver number for that said individual.

Q. You would create one?

A. Yes.

2. There was also testimony concerning a possible Delaware driver's license. However, it is not clear from the record whether Appellant actually obtained a Delaware license or whether he simply applied for one. The only documentary evidence presented by DOT was an *application* for a Delaware driver's license that was completed by Appellant.

3. Appellant was represented by counsel at the April 21, 1997 hearing.

Q. So, therefore, in this case, you say there was only one application for a driver's license and two other created numbers, correct?

A. Correct.

DOT also introduced documents showing convictions of Appellant for driving while his operating privilege was suspended or revoked, in violation of Section 1543 of the Vehicle Code.[4] The driver numbers listed on those documents, 21843130 and 22368672, are apparently the driver numbers that were assigned to Appellant by DOT when he was cited for driving without a license. Ms. Sullivan testified that one of the numbers is revoked until the year 2018 and the other until 1999.

On appeal,[5] although not specifically stated in his *pro se* brief, Appellant essentially argues that the decision of the trial court is not supported by substantial competent evidence.[6] We agree.

The trial court, in an opinion dated August 9, 1997, held that "DOT was justified in canceling [Appellant's] operating privileges pursuant to Section 1572.... The Appellant violated § 1572(a)(1)(ii), forbidding the applicant from giving false or fraudulent information in obtaining a license; and § 1572(b), prohibiting an operator from obtaining an out-of-state license within the time of a license suspension within the state."[7]

With regard to the trial court's conclusion that Appellant violated Section 1572(a)(1)(ii) by giving false information in obtaining a license, we simply see no evidence of this in the record. As noted above, Ms. Sullivan testified that Appellant submitted one application for a Pennsylvania driver's license.

There was, however, no testimony or other evidence that Appellant provided false information on that application. Furthermore, our review of the application, which was entered into evidence by DOT as exhibit C–1A, reveals no apparent false information.

Upon review of the entire record, we conclude that the trial court lacked substantial competent evidence to conclude that Appellant violated Section 1572(a)(1)(ii) by providing false or fraudulent information in obtaining a license.

■ With regard to the trial court's second conclusion, that Appellant violated Section 1572(b) by "obtaining an out-of-state license within the time of a license suspension within the state [of Pennsylvania,]" we initially note that the trial court has misstated the law. As shown above, Section 1572(b) permits DOT to "cancel a driver's license issued during the period of *another state's suspension or revocation* following an offense which resulted in an *out-of-state suspension or revocation* if the offense would result in suspension or revocation under this title." (Emphasis added.)

Furthermore, even correctly applying Section 1572(b), we still must conclude that there is no competent evidence by which the trial court could have determined that Appellant violated Section 1572(b). DOT offered *no testimony or documentation* showing that Appellant has had an out-of-state license suspended or revoked, nor did that even appear to be an issue with DOT.

Considering that Appellant has been twice convicted of operating without a license, there may be valid grounds upon which DOT may take action against Appellant. These

---

4. 75 Pa.C.S. § 1543.

5. Our review is limited to determining if the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Scott*, 546 Pa. 241, 684 A.2d 539 (1996). Furthermore, questions of witness credibility are solely within the province of the trial court. *Id.*

6. Appellant also argues that documents from the state of Delaware were improperly admitted into evidence because they did not conform to the

requirements of 42 Pa.C.S. § 5328, proof of official records. This issue, however, has been waived because it is raised for the first time on appeal, and an appellate court may *sua sponte* refuse to address an issue raised on appeal that was not raised and preserved below. *Siegfried v. Borough of Wilson*, 695 A.2d 892 (Pa.Cmwlth. 1997).

7. Neither in its October 19, 1996 letter to Appellant nor at the April 21, 1997 trial court hearing did DOT specify precisely which portion of Section 1572 was violated by Appellant.

grounds, however, should be established by DOT before a trial court, not speculated upon by this Court after reviewing a somewhat confusing record from the proceedings below.

Accordingly, the order of the trial court is reversed.

### ORDER

AND NOW, this 2nd day of April, 1998, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby reversed.