J-S03036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN J. LYNCH SR. | |
| Appellant | No. 1997 EDA 2014 |

Appeal from the Judgment of Sentence June 12, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-SA-0000160-2014

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 18, 2015**

John J. Lynch Sr. appeals, *pro se*, the judgment of sentence imposed June 12, 2014, in the Montgomery County Court of Common Pleas. Following a trial *de novo*, the trial court found Lynch guilty of the summary offenses of driving while operating privilege is suspended (DUS)[1] and speeding,[2] and imposed fines of $200.00, and $61.00, respectively. On appeal, Lynch contends (1) the court should have held the trial in abeyance pending the outcome of civil litigation in Philadelphia, (2) the court should have given more weight to Lynch's prior Commonwealth Court appeal, (3) the court should have granted his request for more time to obtain counsel;

_____

[1] 75 Pa.C.S. § 1543(a).

[2] 75 Pa.C.S. § 3362(a)(3) (58 m.p.h. in a 40 m.p.h. zone).

and (4) the evidence was insufficient to sustain his convictions. For the reasons that follow, we affirm.

The facts underlying this appeal are undisputed. On July 8, 2013, at approximately 11:55 p.m., Hatfield Township Police Officer Eric Geiger was sitting in a marked police vehicle at the intersection of Bethlehem Pike and Advance Lane in Hatfield Township, Montgomery County, when his Vascar speedometer clocked Lynch's minivan traveling 58 m.p.h.[3] The posted speed limit in the area is 40 m.p.h. Officer Geiger initiated a vehicle stop, and asked for Lynch's driver's license, registration, and insurance card. Lynch told the officer that he did not have a driver's license, and the officer confirmed *via* JNET that Lynch's license was suspended. Officer Geiger then issued Lynch traffic citations for DUS and speeding.

Lynch was convicted of the summary offenses in district court on November 12, 2013. On December 30, 2013, he petitioned the district court to file a summary appeal *nunc pro tunc*, which was granted on February 18, 2014. On June 12, 2014, the trial court conducted a summary trial *de*

---

[3] Officer Geiger testified at trial the Vascar speedometer had been certified as accurate by a township approved agency on May 29, 2013, and pursuant to state regulations, that certification was effective for 60 days. N.T., 6/12/2014, at 9-10. Lynch's vehicle was stopped on July 8, 2013, well within the 60-day period.

*novo*, and found Lynch guilty of both charged offenses. He was sentenced that same day to fines totaling $261.00. This timely appeal followed.[4]

The "informal brief" Lynch submitted to this Court has substantial defects. ***See*** Pa.R.A.P. 2111. Notably, Lynch's brief consists of only one and one-half handwritten pages, and simply lists four issues for our review without any discussion or citation to relevant authorities. ***See*** Lynch's Brief at 1-2. "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." ***Commonwealth v. Maris***, 629 A.2d 1014, 1017 (Pa. Super. 1993). The one citation Lynch does provide – ***Commonwealth v. Lynch***, 710 A.2d 126 (Pa. Cmwlth. 1998) – refers to a prior appeal he litigated in the Commonwealth Court regarding a **1997 conviction**, and, as the trial court explains, "provide[s] no defense to the charge here." Trial Court Opinion, 8/21/2014, at 2. ***See also*** N.T., 6/12/2014, at 32-34 (trial judge's explanation to Lynch that the Commonwealth Court case is irrelevant because it concerned a charge of obtaining a driver's license using false information).

---

[4] On July 14, 2014, the trial court ordered Lynch to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Lynch complied with the trial court's directive, and filed a concise statement on August 6, 2014.

As this Court explained in **Commonwealth v. Rivera**, 685 A.2d 1011 (Pa. Super. 1996):

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because []he lacks legal training. As our supreme court has explained, "any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing."

*Id.* at 1013 (citation omitted).

Nevertheless, the trial court was able to discern the nature of the claims raised on appeal, and our review of the record reveals ample support for the trial court's conclusions.[5]   Therefore, we adopt the court's opinion as dispositive.   **See** Trial Court Opinion, 8/21/2014, at 1-3.   However, we add the following two comments.   First, with regard to Lynch's claim that the trial court "should have abstained from carrying on" his trial until his Philadelphia civil case was resolved, Lynch failed to provide any evidence that the civil case was relevant to the summary proceedings, save for his own testimony that the case "concerns [his] driver's license," which

_____

[5] When reviewing an appeal from a summary conviction heard *de novo*, our standard of review "is limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence."   **Commonwealth v. Rodriguez**, 81 A.3d 103, 105 (Pa. Super. 2013) (quotation omitted), *appeal denied*, 91 A.3d 1238 (Pa. 2014).   We will not disturb the trial court's adjudication "absent a manifest abuse of discretion."   **Id.** at 106 (quotation omitted).

purportedly "was supposed to be restored." N.T., 6/12/2014, at 22, 30. Second, with regard to Lynch's claim that he "requested more time to get counsel and was refused[,]"[6] we can find no record of such a request in the certified record.

Accordingly, because Lynch has failed to demonstrate he is entitled to any relief from his summary convictions, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2015

---

[6] Lynch's Brief at 2.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY,
PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : CP-46-SA-0000160-2014

V. :

: SUPERIOR COURT
JOHN J. LYNCH, SR. : 1997 EDA 2014

## OPINION

NICHOLAS, S.J.                                    AUGUST 21, 2014

The defendant, John J. Lynch, Sr., has appealed *pro se* to the Superior Court
of Pennsylvania from the judgment of sentence imposed on June 12, 2014, following
trial *de novo* on the summary Motor Vehicle Code offenses of driving under
suspension, 75 Pa. C.S.A. §1543(a), and speeding (58 m.p.h. in a 40 miles m.p.h.
speed zone), 75 Pa. C.S.A. §3362(a)(3). The defendant was fined $200.00 and
$61.00, plus costs, on the charges, respectively, to be paid within sixty (60) days.

As directed, the appellant timely filed his concise statement of errors
complained of on appeal, pursuant to Pa. R.A.P. 1925(b) as follows:

"1. The court having been made aware of the Mandamus/Declaratory
proceeding pending before the bar of the Philadelphia Court of Common
Pleas concerning the wrongful taking and/or suspension of the driver's license
of the defendant. It was in error to proceed further on that charge, and the
court should have abstained from carring (sic) on until such time as the
matter was resolved by the 'Jury ordered' (quote and underline by appellant)
in that matter No. #11-08-04060 Phila. C.C.P.

2. The Defendant claims that there is no testimony from the witness as to
the clocking of the speed of the defendant's vehicle by following and noting
the speedometer of the chase vehicle, and that the VASCAR unit alone is not
sufficient enough by itself and that officer had to clock the vehicle for some
distance in a certified cruiser with odometer which is not in the evidence
after reviewing the transcript absent this testimony the record does not

1

support the conviction and any statements by the Defendant not withstanding where his right to counsel and a continuance to obtain counsel was deprived when requested."

For the reasons that follow, we believe that the appellant has presented no basis for appellate relief.

(1)

The appellant's reliance on the case he litigated in Commonwealth Court, *Lynch vs. Department of Transportation*, 710 A.2d 126 (Pa. Cmwlth. 1998), is misplaced. As we explained to the appellant, after reading the opinion, it provided no defense to the charge here, driving under suspension. (N.T. 32-34).

The Department of Transportation Certified Driving History was admitted into evidence without objection. (Exhibit C-2). The driving history consists of 77 pages and reflects numerous license suspensions and no restoration of privileges as of July 8, 2013, the date of these offenses. (N.T. 17).

When he was stopped, the appellant admitted to Officer Geiger that he was under suspension but that he had "some issues" with the suspension. (N.T. 13). The appellant stipulated that the driver history (C-2), is "what PennDOT says it is" (N.T. 14).

In short, the evidence was sufficient to establish beyond a reasonable doubt the defendant's guilt of driving under suspension.

(2)

As for the speeding charge, the defendant apparently fails to understand how VASCAR works, as explained by Officer Geiger at the trial. (N.T. 11). The VASCAR unit is an approved testing device which had been duly tested for accuracy on the date in question. (Exhibit C-1). The citation for speeding did not result from "clocking the speed of the defendant's vehicle by following and noting the speedometer of the chase vehicle". (Concise Statement, paragraph 2).

2

In short, the Commonwealth's evidence was sufficient to prove the speeding charge beyond a reasonable doubt.

Finally, the defendant's request at the start of the hearing to "hold this matter in abeyance" pending the outcome of litigation he initiated in Philadelphia, was properly denied. And his right to counsel was in no way abridged. (N.T. 3-4).

## CONCLUSION

For the foregoing reasons, we believe this appeal is utterly without merit and that the judgment of sentence should be affirmed.

BY THE COURT:

WILLIAM T. NICHOLAS, S.J.

Copy of the above to the following on
August ⸱⸱ , 2014:

Robert Falin, Esquire, Chief, Appeals Division, District Attorney's Office
John J. Lynch, Sr.
Court Administration – Criminal

By: _____
    Margaret A. Carter, Secretary

3