IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rodney B. Madison,            :
           Petitioner        :
           :
     v.            :    No. 754 C.D. 2020
           :    Submitted: May 14, 2021
Pennsylvania Parole Board,      :
           Respondent    :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                               FILED: July 27, 2021

       Rodney B. Madison (Madison) petitions for review of an adjudication of the Pennsylvania Parole Board (Board) denying his administrative appeal. Madison's appointed counsel, Autumn L. Johnson, Esquire (Counsel), has filed an application to withdraw her appearance and submitted a no-merit letter in support thereof. For the following reasons, we grant Counsel's application and affirm the Board's decision.

       In two separate criminal cases,[1] Madison pled guilty to possession with intent to deliver a controlled substance. On August 12, 2014, Madison was sentenced in each case to a term of incarceration of 1 year, 10 months, and 15 days to 5 years in a State Correctional Institution (SCI), followed by 5 years' probation

---

[1] Lawrence County Court of Common Pleas, Criminal Division, Docket Nos. 85 of 2014 and 91 of 2014. Certified Record at 1 (C.R. __).

in each case. The sentences were to be served concurrently. Madison's maximum sentence date was January 16, 2019.[2]

On April 7, 2016, Madison was paroled. Subsequently, on August 24, 2017, the New Castle Police Department arrested Madison on charges of possession with intent to deliver, possession of a controlled substance, possession of drug paraphernalia, and driving without a license. He did not post bail and remained incarcerated in the Lawrence County Prison on the new criminal charges. On October 3, 2017, the Lawrence County District Attorney's Office filed a motion for *nolle prosequi*, and the charges against Madison were dismissed. He was released from custody on October 4, 2017.

Thereafter, on December 8, 2017, the New Castle Police Department arrested Madison, and the Board issued a warrant to commit and detain him. On December 11, 2017, the New Castle Police Department charged Madison with two counts of possession with intent to deliver, two counts of possession of a controlled substance, and one count of possession of drug paraphernalia. Madison did not post bail on the new criminal charges. While he was in custody, the Lawrence County District Attorney's Office filed additional charges against Madison stemming from a 2017 undercover narcotics investigation.[3]

---

[2] In addition, on August 27, 2014, Madison had a prior sentence of probation revoked, and he was resentenced to a term of incarceration of 1 year, 10 months, and 15 days to 5 years in an SCI. He received credit for the time that he was incarcerated from May 13, 2011, to May 14, 2013, or 732 days, making his maximum date of sentence August 24, 2017.

[3] On January 4, 2018, Madison was charged with three counts of delivery of a controlled substance, three counts of criminal use of a communication facility, and three counts of possession of a controlled substance. On October 15, 2018, Madison was charged with one count of manufacturing a controlled substance, one count of criminal use of a communication facility, two counts of possession of a controlled substance, and one count of delivery of a controlled substance.

On January 15, 2019, the Board lifted its detainer because Madison's maximum sentence date was set to expire on January 16, 2019. By decision dated March 5, 2019, the Board declared Madison delinquent as of December 8, 2017.

Subsequently, on March 13, 2019, Madison pled guilty to four counts of possession with intent to deliver a controlled substance. On the first count, he was sentenced to 3 to 10 years' incarceration, with credit for 399 days; on the second count, he was sentenced to 3 to 10 years' incarceration, with credit for 403 days; on the third count, he was sentenced to 2 to 10 years' incarceration, with credit for 91 days; and on the fourth count, he was sentenced to 2 to 10 years' incarceration, with credit for 92 days. The sentences are to be served concurrently.[4]

Thereafter, on March 21, 2019, the Board provided Madison with a Notice of Charges and Hearing charging him with violating the terms of his parole as a result of the four convictions for possession with intent to deliver a controlled substance. Madison waived his right to a panel hearing. On April 12, 2019, the Board conducted a parole revocation hearing.[5]

Based on the hearing record, the Board recommitted Madison as a convicted parole violator to serve his unexpired term of 2 years, 7 months, and 26 days. It did not award Madison credit for his time spent at liberty on parole for the stated reason that his new convictions were similar to his original offenses. Madison received four days of credit for his incarceration on the Board's detainer from

---

[4] In addition, on March 27, 2019, the Lawrence County Court of Common Pleas revoked Madison's probation, which had been imposed as part of his sentence at Docket No. 85 of 2014. It "reimposed in total" "all aspects of the prior sentence of the [c]ourt" and recommitted Madison to "a term of probation for a period of five (5) years under the supervision of the [Board.]" C.R. 177.

[5] Because Madison waived his right to a panel hearing, the revocation hearing was held before a hearing examiner.

December 8, 2017, to December 12, 2017. He was also credited with 41 days of confinement time for the period of August 24, 2017, to October 4, 2017, when he was incarcerated on the criminal charges that were ultimately dismissed. He was returned to the Board's custody on April 28, 2019. The Board recalculated Madison's new maximum sentence date as December 22, 2021.

Madison filed an administrative appeal with the Board in which he raised several issues. First, he challenged the Board's authority to recalculate his maximum sentence date after his maximum sentence had expired. Second, Madison argued that the Board lacked a basis to detain him after January 16, 2019, when his sentence expired. Third, Madison argued that his recommitment as a convicted parole violator violated his constitutional right not to be placed in double jeopardy. His probation was revoked and he was recommitted as a parole violator for the same reason: his new convictions. Fourth, Madison challenged the Board's reasons for denying him credit for time spent at liberty on parole. Fifth, Madison contended that the Board was collaterally estopped from using the same facts that established his probation violation to establish his parole violation. Finally, Madison claimed that the Board had a conflict of interest in its prosecution of both the probation and parole violations.

The Board denied Madison's request for administrative relief. The Board explained it has the authority to recommit a parolee for an offense committed while he is on parole regardless of when the parolee is convicted of that offense. The date of offense, not the date of conviction, is the controlling factor. Furthermore, there was sufficient evidence to revoke Madison's parole, *i.e.,* the certified court records showing his four convictions for possession with intent to deliver a controlled substance. Citing Section 6138 of the Prisons and Parole Code

4

(Parole Code),[6] the Board noted that the grant of sentence credit for time spent on parole is a matter committed to its discretion. Further, Madison was on parole when he committed the offense for which he was convicted, and the Board's stated reason for not awarding Madison credit was sufficient. Finally, the Board held that it had authority to recalculate his maximum sentence date.

The Board explained how it recalculated Madison's sentence. Madison was paroled from an SCI on April 7, 2016, and at that time, his maximum sentence date was January 16, 2019. Thus, Madison had 1,014 days remaining on his original sentence when paroled. Because he was not awarded credit for any time spent at liberty on parole, Madison owed 1,014 days on that sentence when he was recommitted as a convicted parole violator. The Board gave Madison 41 days of confinement credit for the period of August 24, 2017, to October 4, 2017, when he was incarcerated in the Lawrence County Prison for the criminal charges against him that were dismissed, leaving Madison with 973 days (1,014 days minus 41 days) remaining on his original sentence. Finally, the Board awarded him four days of backtime credit for the period of December 8, 2017, to December 12, 2017. Adding 969 days (973 days minus 4 days) to April 28, 2019, the date Madison was returned to the Board's custody, resulted in a maximum sentence date of December 22, 2021.

---

[6] Section 6138(a) of the Parole Code, in relevant part, states:

(a) Convicted Violators.--

(1)   A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

61 Pa. C.S. §6138(a)(1).

Madison, *pro se*, petitioned for this Court's review.[7] He raises three issues that we have reorganized for purposes of this opinion. First, he argues that the Board lacked jurisdiction to recommit him as a convicted parole violator because the sentencing judge vacated his original sentences and imposed a new sentence of probation. Second, he argues that the Board lacked the authority to recommit him as a convicted parole violator and recalculate his sentence because his maximum sentence had expired. Third, Madison argues that the Board incorrectly recalculated his maximum sentence because it denied him credit for time spent incarcerated under the Board's detainer.[8]

On January 21, 2021, Counsel filed an application to withdraw her appearance and a no-merit letter asserting Madison's appeal lacks merit.[9] In

[7] Our review determines whether the Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

[8] Attached to the petition for review are several sentencing orders, which are not part of the certified record before us on appeal. Our Court "may not . . . consider auxiliary information appended to a brief which is not part of the certified record, and, furthermore, we must decide the issues based on the record before us." *McKenna v. Pennsylvania State Horse Racing Commission*, 476 A.2d 505, 507 (Pa. Cmwlth. 1984). Therefore, we cannot consider these orders in our review.

[9] In response to Counsel's application to withdraw her appearance, Madison filed a "Motion for Review" of Counsel's "Application to Withdraw Appearance," arguing that Counsel failed to meaningfully address all of his legal claims. Motion at 2. Madison states that Counsel did not include a copy of the Lawrence County Court of Common Pleas' March 27, 2019, order resentencing him to probation only, and did not cite *Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super. 2000), in her no-merit letter. Madison contends *Sierra* is pertinent to his case. In *Sierra*, the Superior Court affirmed the sentencing court's discretion to revoke probation upon the occurrence of a probation violation and impose the maximum sentence allowed by statute for the original crime. Madison directs this Court to a LexisNexis Headnote stating, "[T]he sentencing alternatives available to the court are the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." Motion, Ex. A at 2. He contends that the Board "erred in its decision to take away credited time, for a violation of parole when the court resentenced [him] for the case [he] was on parole for [sic]." Motion at 2. However, the March 27, 2019, order is already part of the record, and *Sierra* is not applicable to

6

*Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), our Supreme Court set forth the technical requirements that appointed counsel must meet to withdraw from representation of a parolee. This Court summarized the requirements as follows:

> [Appointed] counsel seeking to withdraw from representation of a petitioner seeking review of a determination of the Board must provide a "no-merit" letter[,] which details "the nature and extent of [the attorney's] review and list[s] each issue the petitioner wished to have raised, with [appointed] counsel's explanation of why those issues are meritless."

*Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (quoting *Turner*, 544 A.2d at 928). Appointed counsel must also send the parolee a copy of the no-merit letter that satisfies the *Turner* requirements, furnish the parolee with a copy of appointed counsel's motion to withdraw, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf. *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006).

Counsel's no-merit letter satisfies the *Turner* requirements because it addressed each issue raised in Madison's appeal. The record establishes that Counsel sent Madison copies of her no-merit letter and application to withdraw her appearance, and advised Madison of his right to retain new counsel or proceed with his appeal *pro se*. Because the *Turner* requirements have been met, we address the merits of Madison's petition for review.

First, Madison argues, for the first time on appeal, that the Board lacked jurisdiction to recommit him as a convicted parole violator because his underlying sentences had been vacated. "[I]ssues not raised … before the Board in an administrative appeal are waived for purposes of appellate review by this court."

Madison's claims. Madison is not challenging the order revoking his probation, and as explained *infra*, a sentencing court cannot resentence an individual for violating parole.

7

*McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993); *see also Pergolini v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 504 C.D. 2019, filed January 13, 2020), slip op. at 5 (unreported)[10] ("A fundamental precept of appellate review is that a party cannot argue an issue on appeal if [he] failed to first raise it at the administrative level."). Although Counsel does not raise the issue of waiver in her no-merit letter, this Court "may *sua sponte* refuse to address an issue on appeal that was not raised and preserved below." *Lynch v. Department of Transportation, Bureau of Driver Licensing*, 710 A.2d 126, 128 n.6 (Pa. Cmwlth. 1998).

In his administrative appeal, Madison challenged the Board's May 6, 2019, decision to recommit him as a convicted parole violator and the calculation of his new maximum sentence date for the stated reason that the Board lacked jurisdiction because his original sentence had expired. However, Madison did not raise the issue that his underlying sentences had been vacated.[11] Therefore, he has waived that issue for purposes of appellate review.

Even if we were to put aside Madison's failure to preserve this issue, his claim that his original sentences were vacated and replaced with a "new and modified" sentence of probation lacks merit. Petition at 3, ¶B.v. Madison relies upon an order issued by the Honorable J. Craig Cox (Judge Cox) on March 27, 2019,

---

[10] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

[11] At the revocation hearing, Madison indicated that "he was serving a period of parole and a period of probation running [concurrently], and he [felt] that there [were] some legal issues with both the Judge and the [] Board taking the same amount of time." Hearing Transcript, 4/12/2019, at 12; C.R. 192.

in the matter of *Commonwealth v. Madison*, No. 85 of 2014. *See* C.R. 177-78. However, this order did not vacate his original sentence.

A parole violator can only be recommitted to the remainder of the original sentence. *Commonwealth v. Holmes*, 933 A.2d 57, 66 (Pa. 2007). Here, Madison's original sentences included a maximum of five years' incarceration. Notably, a trial court possesses the authority to revoke the probation portion of a split sentence. *Commonwealth v. Ware*, 737 A.2d 251, 253-54 (Pa. Super. 1999) (court may revoke the probation portion of a split sentence and impose a new sentence based on conduct that occurs while defendant is still on parole from the incarceration portion of the sentence). *See also Commonwealth v. Mitchell*, 955 A.2d 433, 435 n.2 (Pa. Super. 2008) (order of probation can be changed or revoked if, at any time before defendant completes maximum period of probation, or before he has begun service of probation, defendant commits offenses or otherwise demonstrates he is unworthy of probation).

On March 27, 2019, in response to the filing of a Petition to Revoke Probation at Docket No. 85 of 2014, Judge Cox entered an order granting the petition and revoking Madison's "*sentence of probation*." C.R. 177 (emphasis added). Judge Cox "recommitted" Madison to a term of probation of five years under the supervision of the Board. *Id.* In the order, Judge Cox expressly stated that "all aspects of the prior sentence of the Court are reimposed in total" and that Madison "shall remain subject to all of the terms and conditions of the prior Sentence Order of Court except as modified by this Order of Court." C.R. 177-78. In sum, contrary to Madison's assertion, his underlying sentence of incarceration was not vacated.

In any case, Judge Cox lacked authority to vacate or modify Madison's original sentence. A trial court has the power to alter or modify any order that has

9

not been appealed, provided the court acts within 30 days and provides notice to the parties, except as otherwise provided or prescribed by law. 42 Pa. C.S. §5505;[12] *Commonwealth v. Hoover*, 231 A.3d 785, 791 (Pa. 2020). Generally, once the 30-day period is over, the trial court loses the power to alter its orders. *Commonwealth v. Quinlan*, 639 A.2d 1235, 1238 (Pa. Super. 1994). The trial court's August 12, 2014, orders sentencing Madison to a maximum term of 5 years' incarceration at Docket Nos. 85 of 2014 and 91 of 2014 were not appealed, and because more than 30 days have passed since their entry, the orders cannot be modified.

In his second issue, Madison argues that the Board lacked the authority to recommit him as a convicted parole violator and recalculate his sentence because he was not convicted of the crimes for which he was recommitted until after his original conviction's maximum sentence date had passed. Section 6138(a)(1) of the Parole Code grants the Board the authority to recommit a parolee who has committed a crime "to which the parolee pleads guilty . . . at any time thereafter in a court of record[.]" 61 Pa. C.S. §6138(a)(1). This Court has held there is "no doubt that the Board can recommit and recompute the sentence of a parolee who commits a crime while on parole but is not convicted until after his original sentence." *Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1124 (Pa. Cmwlth. 2005).

Madison's original maximum sentence date was January 16, 2019. He was arrested on December 8, 2017, and charged on December 11, 2017, with two

---

[12] Section 5505 of the Judicial Code states:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa. C.S. §5505.

counts of possession with intent to deliver, two counts of possession of a controlled substance, and one count of possession of drug paraphernalia. He did not post bail and, while in custody, was charged with various additional crimes on both January 4, 2018, and October 15, 2018. Although Madison did not plead guilty until March 13, 2019, he was charged with the crimes before his original maximum sentence date of January 16, 2019. The Board has the authority to recommit and recalculate the maximum sentence date of a parolee who commits a crime while on parole, regardless of when the parolee is convicted. Madison's claim lacks merit.

In his third issue, Madison argues the Board incorrectly recalculated his maximum sentence date because it denied him credit for time spent incarcerated under the Board's detainer. Specifically, Madison claims he should have received credit toward his original sentence for the 404-day period from December 8, 2017, to January 16, 2019, that he was held on the Board's detainer. The Board, however, credited him with only four days.

The rules for awarding credit for time served while awaiting disposition of new criminal charges were established by the Pennsylvania Supreme Court in *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). In *Gaito*, the Supreme Court held that "time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term ... only when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against him." *Id.* at 571 (quoting *Rodriques v. Pennsylvania Board of Probation and Parole*, 403 A.2d 184, 185-86 (Pa. Cmwlth. 1979)). In the cases following *Gaito*, this Court held that "once a parolee is sentenced on a new criminal offense, the period of time between arrest and sentencing, when bail is not posted, must be applied toward the

11

new sentence and not to the original sentence." *Bowman v. Pennsylvania Board of Probation and Parole*, 930 A.2d 599, 601 (Pa. Cmwlth. 2007).

Madison was taken into custody on December 8, 2017, and the Board lodged a detainer. The record shows that three days later, on December 11, 2017, criminal charges were filed against him, and Madison did not post bail. Therefore, any time Madison spent incarcerated after December 11, 2017, must be credited toward his new sentence. Furthermore, Madison has already received credit on his new sentence for the 403 days he spent in custody on the new criminal charges. Therefore, the Board did not err in its recalculation of his original sentence, and Madison's claim lacks merit.

For these reasons, we conclude Counsel has fulfilled the no-merit letter requirements set forth in *Turner* and our independent review of the record confirms Madison's issues lack merit. Accordingly, we grant Counsel's application to withdraw her appearance as Madison's counsel in this matter and affirm the Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge Emerita

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rodney B. Madison,                :
              Petitioner     :
                              :
         v.               :   No. 754 C.D. 2020
                              :
Pennsylvania Parole Board,    :
             Respondent   :

# **O R D E R**

AND NOW, this 27th day of July, 2021, the Application to Withdraw Appearance filed by Autumn L. Johnson, Esquire, is GRANTED, and the adjudication of the Pennsylvania Parole Board, dated June 30, 2020, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita