IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of K&A   :
Insurance Agency    :
          :
    v.     : No. 685 C.D. 2024
         : Argued: February 4, 2026
Philadelphia Historical Commission :
          :
Appeal of: K&A Insurance Agency :


BEFORE:  HONORABLE MICHAEL H. WOJCIK, Judge
      HONORABLE LORI A. DUMAS, Judge
      HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE WOJCIK        FILED: March 12, 2026


   K&A Insurance Agency (Landowner) appeals the order of the Philadelphia County Court of Common Pleas (trial court) denying its appeal of the designation of the house located at 5920 Greene Street in the Germantown area of the City of Philadelphia (Property and City, respectively) as historic, and listing it on the Philadelphia Register of Historic Places (Register) by the Philadelphia Historical Commission (Commission) under the City's Historic Preservation Ordinance (Ordinance).[1]  We affirm.

---

[1] *See* The Philadelphia Code, §§14-1001 -- 14-1008.  In relevant part, Section 1004(1)(c), (d), and (e) provides the relevant criteria herein for the Property's designation, stating:

> A building, complex of buildings, structure, site, object, or district
> may be designated for preservation if it:

**(Footnote continued on next page…)**

The relevant facts of this case may be summarized as follows. Landowner purchased the Property as an investment property in 2003. On September 9, 2021, the West Central Germantown Neighbors, a local neighborhood association (Association), nominated the Property for historic preservation under the Ordinance without Landowner's input or knowledge. The Association hired a historian to create a report on the architectural and social history of the Property to present with the nomination.

On October 28, 2021, Landowner received the first letter providing notice of the Property's nomination from the Commission. The letter explained that the Commission would hold two public meetings to consider the nomination before deciding whether the Property would be designated as historic. However, because Landowner requested several consecutive continuances, the matter was not heard until the May 24, 2023 meeting of the Commission's Designation Committee (Committee), and the Board's June 9, 2023 meeting culminating in the Property's historic designation and addition to the Register.

At the Committee's May 24, 2023 meeting, Landowner and its counsel appeared and objected to the historic designation, claiming several financial arguments, limits to the use of its own property, and the interests of the neighbors.

---

(c) Reflects the environment in an era characterized by a distinctive architectural style; [or]

(d) Embodies distinguishing characteristics of an architectural style or engineering specimen; [or]

(e) Is the work of a designer, architect, landscape architect or designer, or professional engineer whose work has significantly influenced the historical, architectural, economic, social, or cultural development of the City, Commonwealth, or nation.

The Philadelphia Code §14-1004(1)(c), (d) & (e).

Landowner also claimed that the property does not meet the qualifications to be considered historic because the Association that made the nomination does not represent the interests of the community. However, the Commission presented meeting minutes and emails showing community support for the historic designation, and noted that Landowner and its counsel were the only opponents. Ultimately, the Committee voted to recommend that the Commission approve the historic designation.

Thereafter, on June 9, 2023, the full Commission conducted a meeting to review the nomination and designation of the Property. Quite significantly, neither Landowner nor its counsel were present at this meeting; however, a member of the Commission's staff informed the Commission of Landowner's prior objections to the Committee.[2] The full Commission unanimously voted to approve the historic designation, as confirmed by the July 11, 2023 letter from the Commission to Landowner.

On July 26, 2023, Landowner appealed the Commission's designation to the trial court. Specifically, Landowner asserted that the Commission erred or abused its discretion in making the decision, and that the Property's designation was not supported by substantial evidence. On April 25, 2024, following a hearing,[3] the trial court denied the appeal. On May 24, 2024, Landowner filed this appeal.

---

[2] The Commission's minutes of the June 9, 2023 meeting state the following, in relevant part: "No one represented the [Landowner]. [The Commission staff member] noted that the [Landowner] opposed the designation at the Committee on Historic Designation meeting." Original Record (OR) at 188.

[3] The Commission's counsel stated the following at the June 9, 2023 meeting:

**(Footnote continued on next page…)**

3

On appeal,[4] Landowner claims that the trial court erred in dismissing its appeal because: (1) the Commission failed to adhere to the criteria and standards set forth in the Ordinance; and (2) the Commission's action in designating the

> Again, in terms of the record, after the [Committee] reviewed the matter, they recommended unanimously that the full [C]ommission place it on the [R]egister.
>
> I would note, at the time of the [Committee meeting], [ ] the principal for [Landowner] and [its counsel] did appear. They did speak on the record. They voiced their objections. But there was no report, there was no preservation architect, there was no other information indicating why the nomination was faulty or why the [P]roperty should not be considered for designation. None of that was presented. It was just an objection to it being designated at all.
>
> . . . On June 9, 2023, the full [C]omission held its meeting to consider the designation. At that time, at least based upon the record that we have, neither [ ] the principal for [Landowner] nor [its counsel] appeared, although it was put on the record. So the [C]omission was aware that as far as we understood at the time that they still objected to the designation. So it was understood.
>
> But again, in addition to that non-appearance, no other information had been provided, no documents, no reports, no expert reports, no surveys or anything like that had been presented to the [C]omission.
>
> And in fact the [C]omission voted unanimously in favor of placing the [P]roperty on the [Register], and, as the [C]ertified [R]ecord reflects, there were a number of neighbors who indicated their support for the designation, both in vocalized comments made to the [C]ommittee or [C]omission, or in written comments that were received.

Trial Ct. 4/25/24 Hearing Tr. at 15-17.

[4] This Court's review of the Commission's designation is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary factual findings are supported by substantial evidence. *Roomet v. Board of License and Inspection Review*, 928 A.2d 1162, 1164 n.1 (Pa. Cmwlth. 2007).

Property as historic imposes such substantial and severe limitations on Landowner's use that it constitutes a taking requiring just compensation. However, we will not reach the merits of Landowner's claims.

As noted by the Commission's counsel before the trial court, neither Landowner nor its attorney appeared at the Commission's June 9, 2023 hearing in which the Property was designated as historic. Section 753(a) of the Local Agency Law states:

> A party who proceeded before a local agency under the terms of a particular statute, home rule charter, or local ordinance or resolution shall not be precluded from questioning the validity of the statute, home rule charter or local ordinance or resolution in the appeal, but if a full and complete record of the proceedings before the agency was made such party may not raise upon appeal any other question not raised before the agency (notwithstanding the fact that the agency may not be competent to resolve such question) unless allowed by the court upon due cause shown.

2 Pa.C.S. §753(a). Because neither Landowner nor its counsel appeared or raised any objections to the designation of the Property as historic before the Commission, any allegation of Commission error in this regard has been waived for purposes of appeal. *Id.*; *Barnes v. Philadelphia Historical Commission*, 216 A.3d 590, 593 n.4 (Pa. Cmwlth. 2019); *Roomet v. Board of License and Inspection Review*, 928 A.2d 1162, 1165 n.2 (Pa. Cmwlth. 2007); *Korsunsky v. Housing Code Board of Appeals, City of Harrisburg*, 660 A.2d 180, 184 (Pa. Cmwlth. 1995).[5]

---

[5] It is well settled that this Court may affirm the trial court's order on any basis appearing in the record. *Feldman v. Lafayette Green Condominium Association*, 806 A.2d 497, 502 n.3 (Pa. Cmwlth. 2002); *see also Choe v. From Decision of Philadelphia Board of Revision and Taxes*, 251 A.3d 858, 870 n.10 (Pa. Cmwlth. 2010) ("Although the City noted, but did not definitively raise, the waiver issue, 'an appellate court may *sua sponte* refuse to address an issue raised on appeal **(Footnote continued on next page…)**

Moreover, to the extent that Landowner has preserved any appellate claims for our review, after reviewing the record, Landowner's brief, and the law, we conclude that the appellate issues have been ably resolved in the thorough and well-reasoned opinion of Judge Sierra Thomas Street, and affirm on the basis of her opinion in the matter of *K&A Insurance Agency v. Philadelphia Historical Commission* (C.P. Phila., No. 02782 July Term, 2023, filed January 3, 2025).

Accordingly, the trial court's order is affirmed.

MICHAEL H. WOJCIK, Judge

---

that was not raised and preserved below.' *Lynch v. Dep*[*artmen*]*t of Transp*[*ortation*]*, Bureau of Driver Licensing*, 710 A.2d 126, 128 (Pa. Cmwlth. 1998).").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of K&A      :
Insurance Agency           :
                             :
             v.              :   No. 685 C.D. 2024
                             :
Philadelphia Historical Commission   :
                             :
Appeal of: K&A Insurance Agency   :

# **O R D E R**

AND NOW, this 12th day of March, 2026, the order of the Philadelphia County Court of Common Pleas dated April 26, 2024, is **AFFIRMED**.

_____
MICHAEL H. WOJCIK, Judge

| | |
|---|---|
| **IN RE APPEAL OF**<br>**K&A INSURANCE AGENCY**<br><br>**VS.**<br><br>**PHILADELPHIA HISTORICAL COMMISSION** | **Case ID: 230702782**<br><br>**Commonwealth Docket:**<br>**685 CD 2024** |

## 1925(a) OPINION

**THOMAS STREET, SIERRA, J.**

K&A Insurance Agency ("Appellant") initiated an agency appeal action against the Philadelphia Historical Commission ("PHC") in July 2023, seeking to contest PHC's decision to place a property owned by K&A on the Philadelphia Register of Historic Places. PHC determined that the property would receive the historic designation through public hearings held on May 24, 2023 and June 9, 2023. On July 26, 2023, Appellant filed a Notice of Appeal with the Court to contest PHC's decision. On April 25, 2024, the Court heard the parties' arguments and denied the appeal. On May 24, 2024, Appellant filed a timely appeal.

### I.    FACTS AND PROCEDURAL BACKGROUND

Appellant purchased the house at 5920 Greene Street in the Germantown area of Philadelphia as an investment property in 2003. On September 9, 2021, the West Central Germantown Neighbors, a local neighborhood association, nominated the property for historic preservation. According to Appellant, the nomination was made without their input or knowledge. The Association hired a historian to create a report on the architectural and social history of the property to present with the nomination. Out of ten potential criteria

OPFLD-In Re: Appeal Of K



23070278200032

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)  D. KELLY  01/03/2025

providing grounds for nomination, the association believed that the property met the following three: "Reflects the environment in an era characterized by a distinctive architectural style," [e]mbodies distinguishing characteristics of an architectural style or engineering specimen," and "[i]s the work of a designer, architect, landscape architect or designer, or engineer whose work has significantly influenced the historical, architectural, economic, social, or cultural development of the City, Commonwealth or Nation."

On October 28, 2021, Appellant received the first letter providing notice of the nomination from the PHC. The letter explained that the PHC would hold two public meetings to consider the nomination before deciding whether the property would be designated as historic. The first set of meetings were scheduled for December 1, 2021 and January 14, 2022. Because Appellant requested several consecutive continuances, the matter was not raised or addressed until the meetings on May 24, 2023 and June 9, 2023. The May 24th meeting was before a Designation Committee which would decide whether to recommend that the full Commission confirm the designation at the following meeting.

At the May 24th meeting, Appellant and his counsel objected to the historic designation, claiming several financial arguments, limits to the use of his own property, and the interests of the neighbors. Appellant also claimed that the property does not meet the qualifications to be considered historic. Appellant claimed that the association that made the nomination does not represent the interests of the community. However, the PHC presented meeting minutes and emails providing evidence of community support for the historic designation and contends that Appellant and his counsel were the only opponents. The Committee voted to recommend that the Commission approve the historic designation.

Thereafter, the full Commission conducted a meeting in June to review the nomination and determination of Appellant's property. Appellant and his counsel were marked as not present at this meeting, however, a member of the PHC staff informed the Commission of Appellant's prior objections before the vote took place. All members of the full Commission voted to approve the historic designation, as confirmed by a letter from the PHC to Appellant, dated July 11, 2023.

On July 26, 2023, Appellant filed a Notice of Appeal with the Court to contest PHC's decision to designate the property as historic. Appellant alleged that PHC committed an error of law or abused its discretion in making the decision. Appellant also alleged that the designation was not supported by substantial evidence. On April 25, 2024, the Court denied the appeal, after a hearing. On May 24, 2024, Appellant filed this appeal.

## II.   ISSUES RAISED ON APPEAL

1. The Court abused its discretion and/or erred as a matter of law when the Court ruled in favor of the Historical Commission.
2. The Court abused its discretion and/or erred as a matter of law in upholding the Historical Commission because the commission's conclusions are not supported by substantial evidence.
3. The Court abused its discretion and/or erred as a matter of law in upholding the Historical Commission because the nominating party did not testify at any of the commission's hearings in support of the historic designation of 5920 Greene Street and therefore the commission's decision was based upon hearsay.
4. The Court abused its discretion and/or erred as a matter of law in upholding the Historical Commission because the nominating party did not testify at any of the commission's hearings in support of the historic designation of 5920 Greene Street and therefore the commission's decision was based upon hearsay which violated K&A Insurance Agency's substantive and procedural due process rights under the United States Constitution.
5. The Court abused its discretion and/or erred as a matter of law in upholding the Historical Commission because the nominating party's expert witness did not testify at any of the commission's hearings in support of the historic designation of 5920 Greene Street and therefore the commission's decision was based upon hearsay.

3

6. The Court abused its discretion and/or erred as a matter of law in upholding the Historical Commission because the nominating party's expert witness did not testify at any of the commission's hearings in support of the historic designation of 5920 Greene Street and therefore the commission's decision was based upon hearsay which violated K&A Insurance Agency's substantive and procedural due process rights under the United States Constitution.

7. The Court abused its discretion and/or erred as a matter of law by accepting the Historical Commission reproduced record as evidence in the proceedings because none of the reproduced record was used by the historic commission, nominating party, expert witness or member or member of the public during the hearings.

8. The Court abused its discretion and/or erred as a matter of law by accepting the Historical Commission reproduced record as evidence in the proceedings because none of the reproduced record was marked as exhibits by the historic commission, nominating party, expert witness or member or member of the public during the hearings.

9. The Court abused its discretion and/or erred as a matter of law by accepting the Historical Commission reproduced record as evidence in the proceedings because none of the reproduced record was entered into evidence by the historic commission, nominating party, expert witness or member or member of the public.

10. The Court abused its discretion and/or erred as a matter of law in upholding the Historical Commission decision because the commission's historic designation of 5920 Greene Street is a takings of K&A Insurance Agency property in violation of the United States Constitution.

11. The historic designation of 5920 Greene Street is takings of property and an action under the color of state law in violation of the United States Constitution.

## III.   DISCUSSION

As a preliminary matter, Appellant's first issue raised the generic allegation that the Court erred in ruling in favor of the PHC without reference to any specific law or rule that was violated. Absent more detail, the Court is unable to provide a substantive response to the first issue.

### A.  Substantial Evidence Standard

Appellant's second issue raised on Appeal alleges that the Court erred in affirming the PHC's decision because it was not supported by substantial evidence. Under Local Agency Law § 754, the Court's scope of review of an agency decision is limited to determining

4

whether constitutional rights were violated, the agency complied with the procedures required by Local Agency Law requirements, an error of law was committed, or the findings are supported by substantial evidence. 2 Pa. C.S. § 754(b); *Johnson v. Lansdale Borough*, 146 A.3d 696, 711 (Pa. 2016). Substantial evidence can be defined as 'relevant evidence which a reasonable mind would accept as adequate to support the conclusion reached." *Township of Exeter v. Zoning Hearing Board*, 962 A.2d 653, 659 (Pa. 2009). According to Local Agency Law § 554, "[l]ocal agencies shall not be bound by technical rules of evidence at agency hearings, and all relevant evidence of reasonably probative value may be received." 2 Pa. C.S. § 554. The PHC is the sole decisionmaker as to the weight assigned to the materials presented before it when making a decision on historical designations. *See Koppenhaver v. Dep't of Cmty. & Econ. Dev.*, 898 A.2d 654 (Pa. Cmwlth. 2006). Courts should defer to the Commission's interpretation of designation criteria absent a showing of "fraud, bad faith, abuse of discretion, or clearly arbitrary action." *Winslow–Quattlebaum v. Md. Ins. Group*, 752 A.2d 878, 881 (Pa. 2000).

This Court was thus bound to defer to the PHC's decision unless there was insufficient evidence—even when held to a lower standard—such that it constituted "fraud, bad faith, abuse of discretion, or clearly arbitrary action." *See* 2 Pa. C.S. § 554, 754; *id.* The property in question was nominated for a historical designation on three separate grounds—referred to as Criterion C, D, and E. Under Criterion C, the PHC decided that the house at issue qualified because it is a reflection of "the environment of suburban, residential architecture of the upper classes of Germantown and Philadelphia in an era characterized by the Colonial Revival style." Response Brief, p. 4. The second ground, Criterion D, was based on its representation of the Colonial Revival style. *Id.* The last ground, Criterion E, was that the Potter house was designed by Mantle Fielding, Jr., a notable architect in Northwest

5

Philadelphia. *Id.* Each of these criteria would be sufficient individually to warrant a historic designation. *See* Philadelphia Code § 14-1004(1).

The PHC found that all three grounds were supported by evidence contained in the nomination and the discussion reflected in the Minutes of the Designation Committee and the full Historical Commission—all present in the record transmitted to the trial court upon Appeal. Notably, the nomination contains a detailed report from an architectural historian that described the property in question, explained its historic context and significance, outlined the typical characteristics of a building in the Colonial Revival style and how the house fits those characteristics, explained how the house represents its style and era, and, finally, explained the historical significance of the house's architect. Certified Record, Exhibit 1, p. 3-33. The PHC held public hearings and took comment from local residents both at the hearings and in writing that expressed unanimous support, with the sole opposition being from Appellant. *Id.*, Exhibit 6, p. 129-32; Exhibit 9, p. 175-77; Exhibit 11, p. 193-205. The representatives of West Central Germantown Neighbors, the nominating party, and members of the Designation Committee made further comments, reflected in the meeting minutes, that support the assertions made in the report. *Id.* Notably, Appellant did not present any evidence to challenge the assertion that the house met the criteria for designation; the objections spoke to issues unrelated to the facts underlying the propriety of the designation.

In sum, the PHC is not bound by traditional rules of evidence and is permitted to decide for itself what weight to assign to materials it uses to make a decision. 2 Pa. C.S. § 554; *see Koppenhaver v. Dep't of Cmty. & Econ. Dev.*, 898 A.2d 654 (Pa. Cmwlth. 2006). Courts should defer to the Commission's interpretation of designation criteria absent a showing of

6

"fraud, bad faith, abuse of discretion, or clearly arbitrary action." *Winslow–Quattlebaum v. Md. Ins. Group*, 752 A.2d 878, 881 (Pa. 2000). As properly authorized, the PHC weighed the materials—including the nomination, the architectural history report contained therein, and discussion at the public hearings— in deciding whether to apply the historical designation to the property at issue. There was no evidence submitted to suggest that any of the three proposed criteria were not met. The Court also heard no evidence to suggest that the decision was based on "fraud, bad faith, abuse of discretion, or clearly arbitrary action" that would warrant reversal. *Id.* Therefore, this Court found that the PHC decided based on "relevant evidence which a reasonable mind would accept as adequate to support the conclusion reached," and the substantial evidence standard was thus met. *Township of Exeter v. Zoning Hearing Board*, 962 A.2d 653, 659 (Pa. 2009).

### B. Evidentiary Rules

Relatedly, Appellant's next seven issues raised on Appeal are specific objections to the types of evidence used by the PHC in reaching their decision, and how the PHC used the evidence during the public meetings. To reiterate, "[l]ocal agencies shall not be bound by technical rules of evidence at agency hearings, and all relevant evidence of reasonably probative value may be received." 2 Pa. C.S. § 554. This standard of evidence is far more lenient than the traditional rules of evidence applied in a courtroom setting.

Issues three thru six are all based in objections to PHC's use of "hearsay" evidence in reaching their decision. Appellant alleges that neither the nominating party nor their expert witness testified at the commission's meetings, making any statements impermissible hearsay that were relied upon in violation of Appellant's substantive and procedural due process rights. First, as the traditional evidentiary rules do not apply, there is no explicit

7

prohibition on considering evidence that would be considered hearsay if presented in the courtroom context. 2 Pa. C.S. § 554. Second, even if hearsay were prohibited, Appellant's allegations are inconsistent with the record. The meeting minutes of the May 24 meeting show that there were representatives of the nominating party, the West Central Germantown Neighbors association, present at the meeting and participating in the discussion. Certified Record, Exhibit 6, p. 130. The same meeting minutes reflect that Oscar Beisert, the architectural historian who created the report on the property, also was present and participated in the discussion. *Id.* at 131. As such, both parties did in fact appear and speak in the PHC meeting.

Issues seven, eight, and nine concern the Court's acceptance and use of reproduced record provided by the PHC as evidence on Appeal. Appellant claims this Court erred in considering the Certified Record because the evidence therein was not used,[1] marked as exhibits, or entered into evidence at the PHC hearing. Courts are directed to rely solely on the certified record when it is deemed complete 2 Pa. C.S. § 754(b). Alternatively, Courts are permitted to hear appeals from local agencies de novo if the record is deemed insufficient. See 2 Pa. C.S. § 754(a). Therefore, even if there was some evidentiary issue with the record, that does not preclude the Court from receiving the documents contained therein as "new" evidence. Appellant did not present any alternative source of evidence as to what occurred during the PHC hearing, so it is unclear what the Court would have been able to rely on if the record were to be excluded. Additionally, as previously noted, the evidentiary requirements at a PHC hearing do not follow the same rules of evidence as the courts, so the technical

---

[1] It is unclear on what grounds Appellant believes that the PHC, the nominating party, the expert witness, and any members of the public at the hearing all failed to use the information that is contained in the Certified Record at the hearing.

8

aspects of marking exhibits or formally entering evidence do not necessarily constitute error if not followed. 2 Pa. C.S. § 554

### C. Constitutional Arguments

Appellant's tenth and eleventh issues, raised for the first time at all, allege that the PHC's designation of the subject property as historical and this Court's decision to uphold that designation rises to the level of an unconstitutional taking of property. Issues not raised in the trial court are waived and cannot be raised for the first time on Appeal. Pa.R.A.P. Rule 302(a). These vague claims were not raised before this Court or at the PHC hearing and are, therefore, waived.[2]

## IV.   CONCLUSION

For the reasons set forth in the foregoing Opinion, the Court recommends that its judgment be affirmed.

BY THE COURT:

DATE:   01/03/2025

THOMAS STREET, SIERRA, J.

---

[2] Although Appellant did not specify, it is assumed that these claims are in reference to the Takings Clause of the Fifth Amendment. U.S. Const. Amend. V. Presumably, Appellant intended to include by implication the analogue in the Pennsylvania Constitution. Pa. Const. Art. 1, § 10. This clause prohibits the government from taking private property for public use without just compensation. *Id.* A regulatory taking occurs when the government imposes regulations on a property owner such that, although the government hasn't physically taken the property, it deprives the owner of all meaningful beneficial or productive use. See *Machipongo Land and Coal Co., Inc. v. Com.,* 799 A.3d 751, 765 (Pa. 2002) (citing *Lucas v. South Carolina Coastal Council,* 505 U.S. 1003, 1017 (1992)). In this case, the regulations imposed by the PHC are not so severe that the property is rendered economically useless. The primary restriction that comes with a historic designation is that the owner must seek PHC approval before making changes to the property. Appellant does not allege or prove that any PHC regulations prevent Appellant from using or selling the property, that the historic designation would have any negative impact on the value, or that requiring approval before making changes to the property removes all economic value from the property.